UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-5, individually and together d/b/a Easybox IPTV, <br><br> Defendants. | Civil Action No. 4:19-cv-2994 |

# COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Does 1-5 individually and together d/b/a Easybox IPTV, and states as follows:

## Nature of the Action

1. DISH brings this suit for direct copyright infringement because Defendants are taking broadcasts of television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet throughout the United States on Defendants' service (the "Easybox Service") to customers who purchase Defendants' Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals. Defendants demonstrated the willfulness of their copyright infringement by continuing to transmit the channels exclusively licensed to DISH despite receiving numerous demands to cease, and blocking DISH's counsel from accessing Defendants' website.

## Parties

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendants Does 1-5 are individuals or entities doing business as Easybox IPTV who transmit television channels to users of the Easybox Service and sell and promote the Easybox Service, including through their *www.easybox.tv* website. Upon information and belief, Defendants reside in China as shown by historical Whois records for the easybox.tv domain and Defendants' claim that delivery time for an Easybox set-top box to Beijing, China is only 2-3 days, but 6-8 days to the United States. DISH believes discovery will identify Does 1-5 and enable DISH to amend the complaint to list them by name.

## Jurisdiction and Venue

4. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction is proper against Defendants under Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendants sell the Easybox Service and transmit channels exclusively licensed to DISH to users of the Easybox Service throughout the United States ("Service Users") in violation of the Copyright Act. This Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district and under § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

**DISH's Copyrights**

7.     DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide with satellite delivery under the "DISH" brand and through over-the-top ("OTT") services under the "Sling TV" brand whereby programming is delivered using a public Internet infrastructure.  Through its satellite and Sling TV services, DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

8.     DISH contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents, including Al Jazeera Media Network; ARY Digital USA LLC; B4U U.S., Inc.; GEO USA LLC; Hum Network Limited; MBC FZ LLC; MSM Asia Limited; International Media Distribution (Luxembourg) S.A.R.L.; World Span Media Consulting, Inc.; and Dream Media (collectively, the "Networks").

9.     The Networks' channels include Al Arabiya; Al Hayah 1; Al Jazeera Arabic News; Al Jazeera Mubasher; ART Cima; ARY Digital; B4U Music; CBC; CBC Drama; Dream 2; Future TV; Geo News; Geo TV; Hekayat; Hum TV; Hum World; LBC; LDC; MBC1; MBC Drama; MBC Kids (a/k/a MBC3); MBC Masr; Melody Classic; SAB; and SET Max (collectively, the "Protected Channels").  The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

10.    DISH entered into signed, written licensing agreements with the Networks granting DISH the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  DISH's exclusive rights were in effect at all relevant times and are currently in effect.  Many of the works that aired on the Protected Channels and for

which DISH holds exclusive distribution and public performance rights are registered or have registrations pending with the United States Copyright Office. (*See* Exhibit 1.) A vast number of additional, unregistered copyrighted works in which DISH holds exclusive distribution and public performance rights also aired on the Protected Channels. (*See* Exhibit 2.)

11. Defendants are not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels or works that air on those channels in the United States, and DISH has received no compensation from Defendants to do so.

### Defendants' Wrongful Conduct

12. Defendants distribute, sell, and promote the Easybox Service to Service Users.

13. Defendants promote the Easybox Service on their website *www.easybox.tv* ("Easybox.tv"), instructing consumers they can "See more than 1000 channels," Easybox is "[t]he best device to watch Arabic and foreign channels," and includes marks of the Protected Channels.



14. Defendants specifically identify the "more than 1000 channels" with a "Channels List" page on Easybox.tv that lists the channels on the Easybox Service, including the Protected Channels. (*See* Exhibit 3.) The Channel List includes a disclaimer stating, "Easybox is not responsible for the content and does not guarantee nor claims any rights to the content."

15. Defendants promote the Easybox Service on Easybox.tv for use in the United States, with statements including it "[w]orks everywhere," "[o]ur customers in USA . . . are happy with our services," and "with Easybox IPTV you can watch Arabic TV channels[s] in USA . . . you can enjoy all our more than 1000 TV channels." Defendants also boast they "have premium hardware based in USA . . . [t]his translates in **zero buffering** or freezing in our streaming services."

16. Defendants use their Easybox Service to transmit the Protected Channels over the Internet to Service Users soon after the original authorized transmission. Defendants capture live broadcast signals of the Protected Channels, transcode these signals into a format useful for streaming over the Internet, transfer the transcoded content to one or more servers provided, controlled, and maintained by Defendants, and then transmit the Protected Channels to Service Users through OTT delivery.

17. Defendants promote their Easybox Service on Easybox.tv as being better than their competitors because of their "timeshift" feature including "200 Channels, 72 Hours." Timeshifting means Defendants save a copy of the original broadcast of the channels onto their servers and make them available after a delay at different times to appeal to users in different countries and time zones. Defendants' timeshifting feature allows Service Users to watch programming from the Protected Channels in the United States during approximately the same time of the day that the programming aired in the Middle East, Pakistan, and India.

5



18.  Defendants add channels to the Easybox Service upon request from Service Users. Easybox.tv includes a question from a user asking, "[c]an I request a channel that's not available in your IPTV box?" Defendants responded, "[y]es, we are regularly adding more channels. You can post your request on our Easybox Arabic IPTV Facebook page and we will do our best to add your channel."

19.  Any member of the public with Internet access, including Service Users, can receive the Protected Channels from Defendants by simply purchasing an Easybox set-top box that "comes already **pre-configured** and **fully-loaded**"; powering on the device; and selecting the Protected Channels.

20.  Defendants use Easybox.tv to direct consumers in the United States to purchase Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals from Easybox.tv or one of its United States retailers. Defendants inform consumers that delivery time for an Easybox set-top box to the United States is normally 6-8 days, but it can be longer.

21.  Easybox.tv permits consumers to add Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals to a shopping cart, where Defendants sell their set-top boxes for $199 to $369, with a one or two year subscription for accessing the channels. Service Users who want to continue to receive the channels after the initial subscription period must

6

purchase a three, six, twelve, or twenty-four month subscription renewal from Defendants for $60 to $200. Customers can purchase Defendants' smart IPTV subscriptions for one, three, six, or twelve months for $25 to $99.

22. Defendants have actual knowledge that the transmission of the Protected Channels on the Easybox Service infringes DISH's copyrights. DISH and Networks sent at least 112 notices of infringement between January 27, 2016 and the filing of this Complaint, demanding that Defendants cease transmitting the Protected Channels identified in the notices. Defendants did not respond to any of these notices of infringement. Instead, Defendants prevented DISH's counsel from viewing Easybox.tv by blocking their Internet Protocol ("IP") addresses.

23. DISH and Networks sent at least 170 additional notices requesting the removal of the Protected Channels to content delivery networks ("CDNs") associated with the Easybox Service from February 8, 2016 to the filing of this Complaint. Upon information and belief, at least some of these notices were forwarded to Defendants. Even when these CDNs removed the unauthorized content based on Defendants' copyright infringement, Defendants intentionally interfered with the takedown efforts by, for example, transmitting the Protected Channels from different CDNs or locations.

## CLAIMS FOR RELIEF

## Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

24. DISH repeats and realleges the allegations in paragraphs 1-23.

25. DISH is a copyright owner under 17 U.S.C. § 106 because DISH holds the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs that make up the Protected Channels.

26. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in programs that aired on the Protected Channels arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, Lebanon, Pakistan, and India where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and, therefore, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

27. Defendants directly infringe DISH's copyrights in violation of 17 U.S.C. § 501 by distributing and publicly performing programs that make up the Protected Channels to Service Users, including the works identified in Exhibits 1-2. The copyrighted programs were transmitted from computer servers controlled by Defendants to Service Users who accessed the programs using the Easybox Service.

28. DISH has not authorized Defendants to distribute or publicly perform the programs that make up the Protected Channels in any manner.

29. The infringement of DISH's rights in each program constitutes a separate and distinct act of copyright infringement.

30. Defendants' actions are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

31. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order (including, without limitation, distributors and retailers of the Easybox Service), from:

1. transmitting, streaming, distributing, or publicly performing in the United States, with any Easybox set-top box, smart IPTV subscription, subscription renewal, or any other device, application, service, or process, any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

2. distributing, selling, providing, or promoting any product or service in the United States, including any Easybox set-top box, smart IPTV subscription, or subscription renewal, that comprises the whole or part of a network or service for the distribution or public performance of any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

3. advertising, displaying, or marketing any Easybox set-top box, smart IPTV subscription, subscription renewal, or service in connection with the Protected Channels or the programming that comprises the Protected Channels; and

4. inducing or contributing to another's conduct that falls within 1, 2, or 3 above.

B. For sixty-seven or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the Defendants' profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b).

C. For unregistered works, an award of Defendants' profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b).

D. For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E. For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F. For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G. For such additional relief as the Court deems just and equitable.

Dated: August 12, 2019

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**