UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § § § | Civil Action No. |
| Plaintiff, | § § | |
| v. | § § § | |
| DOES 1-5, individually and together d/b/a Easybox IPTV, | § § § | |
| Defendants. | § § § | |

## DECLARATION OF BRADFORD HAMMER

I, Bradford Hammer, of Englewood, Colorado, declare as follows:

1. I make this declaration based on personal knowledge and, if called upon to testify, would testify competently as stated herein.

2. I have been employed at DISH Network L.L.C. ("DISH") since 2017. I am currently employed as General Manager, International Programming for DISH.

3. DISH is the fourth largest pay-television provider in the United States, serving approximately 12 million subscribers nationwide with satellite delivery under the "DISH" brand and through over-the-top ("OTT") services under the "Sling TV" brand whereby programming is delivered using a public Internet infrastructure. Through its satellite and Sling TV services, DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

4. Since 2017, I have been responsible for various aspects of DISH's international channel business, including the acquisition of programming rights.

5. DISH entered into signed, written agreements for the 25 Arabic, Hindi, and Urdu language channels identified as the "Protected Channels" in the complaint. DISH was granted the

exclusive license and right to distribute and publicly perform in the United States all programming aired on the Protected Channels, by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. DISH's exclusive rights as to the Protected Channels are currently in effect.

6. From reviewing the findings of Nagra, including the declaration of Gregory Duval, I am informed and believe that Defendants routinely transmitted the Protected Channels to users of their Easybox IPTV service (the "Service") within the United States. Nagra observed the Protected Channels being transmitted on Defendants' Service during time periods in which DISH held the exclusive right to distribute and publicly perform the works that aired on the Protected Channels in the United States.

7. Defendants were not authorized by DISH to transmit the Protected Channels or the works comprising the Protected Channels at any time or in any manner. Therefore, the transmission of the Protected Channels on Defendants' Service infringed DISH's exclusive right to distribute and publicly perform the works that aired on the Protected Channels. Defendants' infringement irreparably harms DISH by causing DISH to lose subscription revenues and market share and by damaging DISH's business reputation and goodwill. The harm to DISH will continue to accrue unless Defendants' unauthorized transmission of the Protected Channels is permanently enjoined.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2019

_____
Bradford Hammer