# EXHIBIT 1

| **INFRINGEMENT REPORT** |
| --- |

Date:  July 19, 2016

PayPal, Inc.
Attn: PayPal Acceptable Use Policy
2211 North First Street
San Jose, CA 95131
Fax number: 1-402-537-5774 / Email: infringementreport@paypal.com

Dear PayPal:

I, the undersigned, state **UNDER PENALTY OF PERJURY** that

- I am the owner, or an agent authorized to act on behalf of the owner, of certain intellectual property rights ("IP Owner");

- I have a good faith belief that the website or webpage located at the following URL(s) or a screenshot of which is attached hereby (the "Webpage") sells, offers for sale, makes available goods and/or services or otherwise includes content or materials that infringe the IP Owner's intellectual property rights.

**URL:**  https://easybox.tv/

**URL:**  https://easybox.tv/cart/

- The intellectual property rights infringed by the Webpage (e.g. "XYZ copyright", "ABC trademark, Reg. No. 123456, registered 1/1/04", etc) are as follows:

  The enclosed Exhibit 1 includes examples of copyrighted works that your customer's Easybox set-top box and service has infringed, including examples of works registered with the United States Copyright Office (identified by federal registration numbers).  Registration with the United States Copyright Office is not required because the copyrights infringed by your customer's Easybox set-top box and service are foreign works. Please see the enclosed letter with additional details concerning your customer's copyright ⊞

- The Webpage infringe on the IP Owner's IP rights in the following way(s):

  Your customer is using your PayPal service to violate our clients' copyrights under U.S.C. § 501.  Specifically, the PayPal service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501. Please see the enclosed letter with additional details concerning your customer's copyright infringement. ⊞

- I have a good faith belief that the use of the Webpage in the manner described above is not authorized by the IP Owner or the law.

- If the activities described above include the use of PayPal services to make payments for infringing goods or services, I have a good faith belief that PayPal payment services are actually being used to make payments for infringing goods or services on the Webpage. Please briefly explain the nature of this good faith belief (since presence of a button on a site does not mean that PayPal is actually providing payment services):

  Please see Exhibit 2 of the enclosed letter for a screenshot showing your PayPal service (payments 2929@gmail.com) being used at checkout for an infringing Easybox set-top box and service being sold at Easybox.tv. This can be verified by selecting a product such as "Easybox Arabia", clicking the button "Add to cart", clicking the button "Checkout", filling in the requested "Billing Details", and clicking the button "Proceed to PayPal".

- I understand that this Report may lead to the temporary or permanent restriction of the PayPal account and/or PayPal services associated with the Webpage. PayPal account restriction has serious consequences, including the inability of the account holder to use PayPal services in connection with any business or transaction, not only those associated with the identified Webpage.

- I understand that PayPal may provide a copy of this Report to the relevant PayPal account holder.

- I agree to indemnify PayPal from and against any and all claims, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, which PayPal may incur in connection with the restriction of the account or removal of infringing content identified in this notice.

- The information in this notice is true and accurate.

Accordingly, please review any PayPal accounts or services that may be associated with the Webpage.

Truthfully,

_Stephen M. Ferguson_
_____

Signature

**I May Be Contacted At** (*required)

Name of IP Owner*:    Al Jazeera Media Network, ARY Digital USA, Asia TV USA Ltd., B4U U.S.

Name and Title*:    Stephen M. Ferguson, Attorney

Company:    Hagan Noll & Boyle LLC

Address*:    820 Gessner, Suite 940

City, State and Zip*:  Houston, TX 77024

Email address:    stephen.ferguson@hnbllc.com

Telephone*:    713-343-0478

Fax:    713-758-0146

## Exhibit 1 to PayPal Infringement Report – payments2929@gmail.com

Examples of copyrighted works that aired on the Protected Channels distributed by your customer's Easybox set-top box and service:

1.    News Bulletin – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990012
2.    The Opposite Direction – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990010
3.    Sports News – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990005
4.    Al Jazeera World – Al Jazeera Arabic News Channel
5.    Al Marsad – Al Jazeera Arabic News Channel
6.    Al-Mashaa – Al Jazeera Arabic News Channel
7.    Bila Hudood – Al Jazeera Arabic News Channel
8.    Black Box – Al Jazeera Arabic News Channel
9.    Fil Omq – Al Jazeera Arabic News Channel
10.   From Washington – Al Jazeera Arabic News Channel
11.   In Depth – Al Jazeera Arabic News Channel
12.   Observatory – Al Jazeera Arabic News Channel
13.   Palestine Under the Microscope – Al Jazeera Arabic News Channel
14.   Political Crime – Al Jazeera Arabic News Channel
15.   Press Mirror – Al Jazeera Arabic News Channel
16.   That Al-Mijhar – Al Jazeera Arabic News Channel
17.   The Initiative – Al Jazeera Arabic News Channel
18.   The Walker – Al Jazeera Arabic News Channel
19.   Their Archive Our History – Al Jazeera Arabic News Channel
20.   Under the Microscope – Al Jazeera Arabic News Channel
21.   Without Borders – Al Jazeera Arabic News Channel
22.   Witness – Al Jazeera Arabic News Channel
23.   Witness to the Era – Al Jazeera Arabic News Channel
24.   Sabah Al Khair Ya Arab – MBC 1 Channel – Fed. Reg. # PA0001992320
25.   Al Fan Wa Ahlo – MBC1 Channel
26.   Al Thaminah – MBC1 Channel
27.   Badriyah 2 – MBC1 Channel
28.   Bedoun Shak – MBC1 Channel
29.   Desert Force 2 – MBC1 Channel
30.   El Hokm – MBC1 Channel
31.   Extra Turkey – MBC1 Channel
32.   Green Apple – MBC1 Channel
33.   Jalasat Wanasa 2014 – MBC1 Channel
34.   Joelle – MBC1 Channel

35. Kalam Nawaem – MBC1 Channel
36. Martimonio – MBC1 Channel
37. MBC In A Week – MBC1 Channel
38. Sada Al Malaeb – MBC1 Channel
39. Scoop – MBC1 Channel
40. Style – MBC1 Channel
41. Style with Joelle – MBC1 Channel
42. Tasali Ahla Alam – MBC Kids Channel – Fed. Reg. # PA0001992317
43. Al Aa2ila Al Akwa
44. Al Tajrouba 3 – MBC Kids Channel
45. Gentle Steps – MBC Kids Channel
46. Tell Me How 4 – MBC Kids Channel
47. The Strongest Family 3 – MBC Kids Channel
48. Saherat Al Janoub – MBC Drama Channel – Fed. Reg. # PA0001992319
49. Al Wajeha – MBC Drama Channel
50. Bwab El Reeh (Bouwab Alrih) – MBC Drama Channel
51. Hatirla Sevgili – MBC Drama Channel
52. Saraya Abdeen – MBC Drama Channel
53. Sharea Abelaziz – MBC Drama Channel
54. Chef Hassan – MBC Masr Channel – Fed. Reg. # PA0001992315
55. Al Malek Farook – MBC Masr Channel
56. Selsal Al Dam – MBC Masr Channel
57. Yahdoth Fi Masr – MBC Masr Channel



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

July 18, 2016

**VIA Email**

PayPal, Inc.
Attn:  AUP Compliance Department
2211 North First Street
San Jose, California 95131
aupviolations@paypal.com

> Re:    **Request to Investigate and Terminate Account (payments2929@gmail.com)**
>         **for Violations of PayPal AUP**

Dear PayPal:

This law firm is legal counsel for DISH Network ("DISH") and International Broadcaster Coalition Against Piracy ("IBCAP").  IBCAP represents companies including Al Jazeera Media Network, ARY Digital USA, Asia TV USA, B4U U.S., DISH, Geo USA Holdings, International Media Distribution, MBC FZ, Star India Private Limited, TV5 USA, Inc., and World Span Media Consulting ("Members"), which own or control exclusive rights under copyright to distribute the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, ARY Digital, B4U Movies, B4U Music, Dream 2, Future TV, Geo News, Iqraa, LBC, LDC, MBC 1, MBC 2, MBC 4, MBC Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, MBC Pro Sports 4, Melody Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, ONTV, OTV, Star India Plus, TV5Monde, Zee Cinema, and Zee TV ("Protected Content") in the United States.  As such, Members, including DISH, own or control exclusive rights under copyright to distribute and publicly perform via broadcast or digital transmission a vast number of motion pictures and television programs in the United States.

IBCAP and DISH are writing to request that you investigate the use and terminate the PayPal services associated with the email address payments2929@gmail.com (the "Service"). The Service is being used to sell Easybox set-top boxes and services that are distributing the Protected Content and infringing the copyrights held by DISH and IBCAP Members, in violation of your Acceptable Use Policy ("AUP").

Pursuant to your AUP, your customer may not use your service for activities that "(1) violate any law, statute, ordinance or regulation (i.e. 17 U.S.C. § 501), (2) relate to transactions involving . . . (c) items that encourage, promote, facilitate or instruct others to engage in illegal

activity, . . . (g) items that infringe or violate any copyright, trademark, . . . or any other proprietary right under the laws of any jurisdiction."  Your customer is using your Service to violate copyrights under U.S.C. § 501.  Specifically, the Service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.

The Easybox set-top box and service is being used to infringe DISH and IBCAP Members' copyrights by distributing the Protected Content via the following channel numbers and Uniform Resource Locators ("URLs"):

Al Arabiya (Channel 47) – http://109.232.227.38:8000/live/soot3/93retno/14.ts
Al Hayah 1 (Channel 78) – http://213.152.170.56:8000/al-hayat-1
Al Jazeera Arabic News (Channel 95) – http://109.232.227.38:8000/live/soot3/93retno/120.ts
Al Nahar (Channel 129) – http://109.232.227.38:8000/live/soot3/93retno/243.ts
Al Nahar Drama (Channel 132) – http://109.232.227.38:8000/live/soot3/93retno/244.ts
Al Nahar Sport (Channel 133) – http://109.232.227.38:8000/live/soot3/93retno/58.ts
ART Cinema (Channel 196) – http://213.152.170.76:8000/art-cinema
ARY Digital (Channel 200) – http://109.232.227.38:8000/live/soot3/93retno/564.ts
B4U Movies (Channel 210) – http://109.232.227.38:8000/live/soot3/93retno/561.ts
B4U Music (Channel 211) – http://109.232.227.38:8000/live/soot3/93retno/562.ts
Dream 2 (Channel 357) – http://109.232.227.38:8000/live/soot3/93retno/299.ts
Future TV (Channel 426) – http://109.232.227.38:8000/live/soot3/93retno/174.ts
Future TV (Channel 427) – http://213.152.170.56:8000/future-tv-ts
Geo News (Channel 432) – http://109.232.227.38:8000/live/soot3/93retno/566.ts
Iqraa (Channel 470) – http://109.232.227.38:8000/live/soot3/93retno/332.ts
LBC (Channel 521) – http://109.232.227.38:8000/live/soot3/93retno/179.ts
LBC (Channel 522) – http://213.152.170.56:8000/lbc-ts
LDC (Channel 523) – http://109.232.227.38:8000/live/soot3/93retno/277.ts
MBC 1 (Channel 548) – http://109.232.227.38:8000/live/soot3/93retno/158.ts
MBC 1 (Channel 549) – http://213.152.170.56:8000/mbc-1-ts
MBC 2 (Channel 550) – http://109.232.227.38:8000/live/soot3/93retno/160.ts
MBC 4 (Channel 554) – http://109.232.227.38:8000/live/soot3/93retno/159.ts
MBC 4 (Channel 555) – http://213.152.170.56:8000/mbc-4-ts
MBC Action (Channel 556) – http://109.232.227.38:8000/live/soot3/93retno/163.ts
MBC Action (Channel 557) – http://213.152.170.56:8000/mbc-action-ts
MBC Bollywood (Channel 558) – http://109.232.227.38:8000/live/soot3/93retno/164.ts
MBC Bollywood (Channel 559) – http://213.152.170.56:8000/mbc-bollywood-ts
MBC Drama (Channel 560) – http://109.232.227.38:8000/live/soot3/93retno/162.ts
MBC Drama (Channel 561) – http://213.152.170.56:8000/mbc-drama-ts
MBC Kids (MBC 3) (Channel 552) – http://109.232.227.38:8000/live/soot3/93retno/161.ts
MBC Kids (MBC 3) (Channel 553) – http://213.152.170.56:8000/mbc-3-ts
MBC Masr (Channel 562) – http://109.232.227.38:8000/live/soot3/93retno/166.ts
MBC Masr 2 (Channel 563) – http://109.232.227.38:8000/live/soot3/93retno/157.ts
MBC Max (Channel 564) – http://109.232.227.38:8000/live/soot3/93retno/165.ts
MBC Max (Channel 565) – http://213.152.170.56:8000/mbc-max-ts
MBC Pro Sports 1 (Channel 566) – http://109.232.227.38:8000/live/soot3/93retno/31.ts
MBC Pro Sports 2 (Channel 567) – http://109.232.227.38:8000/live/soot3/93retno/32.ts

MBC Pro Sports 3 (Channel 568) – http://213.152.170.56:8000/mbc-pro-sports-3
MBC Pro Sports 4 (Channel 569) – http://213.152.170.56:8000/mbc-pro-sports-4
Melody Classic (Channel 576) – http://109.232.227.38:8000/live/soot3/93retno/83.ts
Murr TV (MTV Lebanon) (Channel 589) – http://109.232.227.38:8000/live/soot3/93retno/379.ts
NBN (Channel 607) – http://213.152.170.56:8000/nbn
New TV (Al Jadeed) (Channel 93) – http://109.232.227.38:8000/live/soot3/93retno/6.ts
Noursat (Channel 634) – http://213.152.170.56:8000/noursat
ONTV (Channel 648) – http://213.152.170.56:8000/ontv-egypt
OTV (Channel 664) – http://109.232.227.38:8000/live/soot3/93retno/89.ts
OTV (Channel 665) – http://213.152.170.56:8000/otv-ts
Star India Plus (Channel 809) – http://109.232.227.38:8000/live/soot3/93retno/573.ts
TV5Monde (Channel 893) – http://109.232.227.38:8000/live/soot3/93retno/539.ts
Zee Cinema (Channel 931) – http://109.232.227.38:8000/live/soot3/93retno/579.ts
Zee TV (Channel 935) – http://109.232.227.38:8000/live/soot3/93retno/560.ts

DISH and IBCAP have sent your customer fourteen Digital Millennium Copyright Act ("DMCA") takedown letters concerning their copyright infringement and unauthorized distribution of the Protected Content.  (Attached as Exhibit 1 are recent letters.)  Your customer has ignored all of these letters and continues to use the Service to sell and distribute Easybox set-top boxes and services that provide unauthorized access to the Protected Content. (Attached as Exhibit 2 are screenshots showing your customer's use of the Service to sell and distribute their Easybox set-top box and service.)

DISH and IBCAP hereby request that you investigate the use and terminate the PayPal services associated with the email address payments2929@gmail.com for violations of your AUP.

If you have any questions or need any further information, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com.


Sincerely,

**HAGAN NOLL & BOYLE LLC**


Stephen M. Ferguson

Choose a way to pay - PayPal

# payments2929@gmail.com

English

- English
- Español
- Francais
- 简体中文(Chinese)

# Choose a way to pay

Continue

**Your order summary**

Descriptions                    Amount

7/14/2016

Choose a way to pay - PayPal

Easybox ArabiaEasybox Arabia    $229.00
Item price: $229.00
Quantity: 1

Shipping via Flat RateShipping via Flat Rate    $20.00
Item price: $20.00
Quantity: 1

Item total    $249.00

Total $249.00 USD

Continue

PaymentMethods

## Choose a way to pay

PayPal securely processes payments for payments2929@gmail.com.

Have a PayPal account?
Log in to your account to pay



Loading ...

7/14/2016 Choose a way to pay - PayPal

▶ **Don't have a PayPal account?** Pay as a guest now, sign up for PayPal later

Updating country

Authenticating your information

......... Logging you in

Country United States    Authenticating your information.

Apply my selected country    Securing your information.

**Billing information**    Updating your information ...
Updating your information ...

First name Stephen    Updating order total ...

Last name Ferguson

Address line 1 820 Gessner, Suite 940

Address line 2 (optional)

City/State

City/State

City Houston

State TX ▾

ZIP code 77024

**Contact information**

713-343-0478
stephen.ferguson@hnbllc.com
Change Change

Continue

https://www.paypal.com/us/cgi-bin/webscr?cmd=_flow&SESSION=MsOOGsW91z4DuRRt_7Kvv.J8U5857Nyt-VyfKO2K_2MO9V2-BwS7fDM9sCOi&dispatch=50a222a5777192006a3d7b606239e4d529b525e0b7e69... 3/4



Powered by **PayPal**

Cancel and return to payments2929@gmail.com.

Continue

Continue

Print Form



**INFRINGEMENT REPORT**

Date: August 26, 2016

PayPal, Inc.
Attn:  PayPal Acceptable Use Policy
2211 North First Street
San Jose, CA 95131
Fax number: 1-402-537-5774 / Email: infringementreport@paypal.com

Dear PayPal:

I, the undersigned, state **UNDER PENALTY OF PERJURY** that

- I am the owner, or an agent authorized to act on behalf of the owner, of certain intellectual property rights ("IP Owner");

- I have a good faith belief that the website or webpage located at the following URL(s) (the "Website") sells, offers for sale, or makes available goods and/or services that infringe the IP Owner's intellectual property rights.

  **URL:** https://easybox.tv/

  **URL:** https://easybox.tv/cart/

- Please identify the intellectual property rights that you claim are infringed by the Website (e.g. "XYZ copyright", "ABC trademark, Reg. No. 123456, registered 1/1/04", etc) :

  See attachment including examples of copyrighted works that your customer's Easybox set-top box and service has infringed, including examples of works registered with the United States Copyright Office (identified by federal registration numbers). Registration with the United States Copyright Office

- Please briefly explain how the Website infringes the IP Owner's IP rights:

  Your customer is using your PayPal service (brucexie977@gmail.com) to violate our clients' copyrights under U.S.C. § 501.  Specifically, the PayPal service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.  Please see the attached letter with additional details concerning your customer's copyright infringement.

- I have a good faith belief that PayPal payment services are being used to make payments for infringing goods or services on the Website.  Please briefly explain the nature of this good faith belief (since presence of a button on a site does not mean that PayPal is actually providing payment services):

  Please see the attached screenshots showing your PayPal service (brucexie977@gmail.com) being used at checkout for an infringing Easybox set-top box and service being sold at Easybox.tv. This can be

- I understand that this Report may lead to the temporary or permanent restriction of the PayPal account associated with the Website.  PayPal account restriction has serious consequences, including the inability of the operator of the Website to use PayPal payment services in connection with any business, not only the identified Website.



- I understand that PayPal may provide a copy of this Report to the relevant PayPal account holder.

- I agree to indemnify PayPal from and against any and all claims, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, which PayPal may incur in connection with the restriction of the account identified in this notice.

- The information in this notice is accurate

Accordingly, please review any PayPal accounts that may be associated with the Website

**I May Be Contacted At** (*required)

Name of IP Owner: * | Al Jazeera Media Network, B4U U.S., Inc., DISH Network L.L.C., Geo USA Holdings, Inc., International

Name and Title: * | Stephen M. Ferguson, Attorney

Company: | Hagan Noll & Boyle LLC

Address: * | 820 Gessner, Suite 940

City, State and Zip: * | Houston, TX 77024

Email address: | stephen.ferguson@hnbllc.com

Telephone: * | 713-343-0478

Fax: | 713-758-0146

Truthfully,

_____ Stephen M. Ferguson _____

Signature

## **Exhibit 1 to PayPal Infringement Report – brucexie977@gmail.com**

Examples of copyrighted works that aired on the Protected Channels distributed by your customer's Easybox set-top box and service:

1. News Bulletin – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990012
2. The Opposite Direction – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990010
3. Sports News – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990005
4. Al Jazeera World – Al Jazeera Arabic News Channel
5. Al Marsad – Al Jazeera Arabic News Channel
6. Al-Mashaa – Al Jazeera Arabic News Channel
7. Bila Hudood – Al Jazeera Arabic News Channel
8. Black Box – Al Jazeera Arabic News Channel
9. Fil Omq – Al Jazeera Arabic News Channel
10. From Washington – Al Jazeera Arabic News Channel
11. In Depth – Al Jazeera Arabic News Channel
12. Observatory – Al Jazeera Arabic News Channel
13. Palestine Under the Microscope – Al Jazeera Arabic News Channel
14. Political Crime – Al Jazeera Arabic News Channel
15. Press Mirror – Al Jazeera Arabic News Channel
16. That Al-Mijhar – Al Jazeera Arabic News Channel
17. The Initiative – Al Jazeera Arabic News Channel
18. The Walker – Al Jazeera Arabic News Channel
19. Their Archive Our History – Al Jazeera Arabic News Channel
20. Under the Microscope – Al Jazeera Arabic News Channel
21. Without Borders – Al Jazeera Arabic News Channel
22. Witness – Al Jazeera Arabic News Channel
23. Witness to the Era – Al Jazeera Arabic News Channel
24. Sabah Al Khair Ya Arab – MBC 1 Channel – Fed. Reg. # PA0001992320
25. Al Fan Wa Ahlo – MBC1 Channel
26. Al Thaminah – MBC1 Channel
27. Badriyah 2 – MBC1 Channel
28. Bedoun Shak – MBC1 Channel
29. Desert Force 2 – MBC1 Channel
30. El Hokm – MBC1 Channel
31. Extra Turkey – MBC1 Channel
32. Green Apple – MBC1 Channel
33. Jalasat Wanasa 2014 – MBC1 Channel
34. Joelle – MBC1 Channel

35.   Kalam Nawaem – MBC1 Channel
36.   Martimonio – MBC1 Channel
37.   MBC In A Week – MBC1 Channel
38.   Sada Al Malaeb – MBC1 Channel
39.   Scoop – MBC1 Channel
40.   Style – MBC1 Channel
41.   Style with Joelle – MBC1 Channel
42.   Tasali Ahla Alam – MBC Kids Channel – Fed. Reg. # PA0001992317
43.   Al Aa2ila Al Akwa
44.   Al Tajrouba 3 – MBC Kids Channel
45.   Gentle Steps – MBC Kids Channel
46.   Tell Me How 4 – MBC Kids Channel
47.   The Strongest Family 3 – MBC Kids Channel
48.   Saherat Al Janoub – MBC Drama Channel – Fed. Reg. # PA0001992319
49.   Al Wajeha – MBC Drama Channel
50.   Bwab El Reeh (Bouwab Alrih) – MBC Drama Channel
51.   Hatirla Sevgili – MBC Drama Channel
52.   Saraya Abdeen – MBC Drama Channel
53.   Sharea Abelaziz – MBC Drama Channel
54.   Chef Hassan – MBC Masr Channel – Fed. Reg. # PA0001992315
55.   Al Malek Farook – MBC Masr Channel
56.   Selsal Al Dam – MBC Masr Channel
57.   Yahdoth Fi Masr – MBC Masr Channel



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

_____

August 26, 2016

**VIA Email**

PayPal, Inc.
Attn:  AUP Compliance Department
2211 North First Street
San Jose, California 95131
aupviolations@paypal.com

       Re:     **Request to Investigate and Terminate Account (brucexie977@gmail.com)
               for Violations of PayPal AUP**

Dear PayPal:

       This law firm is legal counsel for DISH Network ("DISH") and International Broadcaster
Coalition Against Piracy ("IBCAP").  IBCAP represents companies including Al Jazeera Media
Network, B4U U.S., DISH, Geo USA Holdings, International Media Distribution, MBC FZ, Star
India Private Limited, TV5 USA, Inc., and World Span Media Consulting ("Members"), which
own or control exclusive rights under copyright to distribute the following channels: Al Arabiya,
Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, B4U Movies,
B4U Music, Dream 2, Future TV, Geo News, Iqraa, LBC, MBC 1, MBC 2, MBC 4, MBC
Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC
Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, MBC Pro Sports 4, Melody
Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, ONTV, OTV, Star
India Plus, and TV5Monde ("Protected Content") in the United States.  As such, Members,
including DISH, own or control exclusive rights under copyright to distribute and publicly
perform via broadcast or digital transmission a vast number of motion pictures and television
programs in the United States.

       IBCAP and DISH are writing to request that you investigate the use and terminate the
PayPal services associated with the email address brucexie977@gmail.com (the "Service").  The
Service is being used by the website Easybox.tv to sell Easybox set-top boxes and services that
are distributing the Protected Content and infringing the copyrights held by DISH and IBCAP
Members, in violation of your Acceptable Use Policy ("AUP").  By correspondence dated July
18, 2016 and PayPal Infringement Report dated July 19, 2016 (both resubmitted in .jpg files on
August 10, 2016), we requested that you investigate the use and terminate the PayPal services
associated with the email address payments2929@gmail.com, which was also being used by the
website Easybox.tv for violations of your Acceptable Use Policy.

Pursuant to your AUP, your customer may not use your service for activities that "(1) violate any law, statute, ordinance or regulation (i.e. 17 U.S.C. § 501), (2) relate to transactions involving . . . (c) items that encourage, promote, facilitate or instruct others to engage in illegal activity, . . . (g) items that infringe or violate any copyright, trademark, . . . or any other proprietary right under the laws of any jurisdiction." Your customer is using your Service to violate copyrights under U.S.C. § 501. Specifically, the Service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.

The Easybox set-top box and service is being used to infringe DISH and IBCAP Members' copyrights by distributing the Protected Content via the following channel numbers and Uniform Resource Locators ("URLs"):

Al Arabiya (Channel 46) – http://109.232.227.38:8000/live/soot3/93retno/14.ts
Al Hayah 1 (Channel 77) – http://213.152.170.56:8000/al-hayat-1
Al Jazeera Arabic News (Channel 94) – http://109.232.227.38:8000/live/soot3/93retno/120.ts
Al Nahar (Channel 126) – http://109.232.227.38:8000/live/soot3/93retno/243.ts
Al Nahar Drama (Channel 129) – http://109.232.227.38:8000/live/soot3/93retno/244.ts
Al Nahar Sport (Channel 130) – http://109.232.227.38:8000/live/soot3/93retno/58.ts
B4U Movies (Channel 206) – http://109.232.227.38:8000/live/soot3/93retno/561.ts
B4U Music (Channel 207) – http://109.232.227.38:8000/live/soot3/93retno/562.ts
Dream 2 (Channel 348) – http://109.232.227.38:8000/live/soot3/93retno/299.ts
Future TV (Channel 414) – http://109.232.227.38:8000/live/soot3/93retno/174.ts
Future TV (Channel 415) – http://213.152.170.56:8000/future-tv-ts
Geo News (Channel 420) – http://109.232.227.38:8000/live/soot3/93retno/566.ts
Iqraa (Channel 457) – http://109.232.227.38:8000/live/soot3/93retno/332.ts
LBC (Channel 505) – http://109.232.227.38:8000/live/soot3/93retno/179.ts
LBC (Channel 506) – http://213.152.170.56:8000/lbc-ts
MBC 1 (Channel 532) – http://109.232.227.38:8000/live/soot3/93retno/158.ts
MBC 1 (Channel 533) – http://213.152.170.56:8000/mbc-1-ts
MBC 2 (Channel 534) – http://109.232.227.38:8000/live/soot3/93retno/160.ts
MBC 4 (Channel 537) – http://109.232.227.38:8000/live/soot3/93retno/159.ts
MBC 4 (Channel 538) – http://213.152.170.56:8000/mbc-4-ts
MBC Action (Channel 539) – http://109.232.227.38:8000/live/soot3/93retno/163.ts
MBC Action (Channel 540) – http://213.152.170.56:8000/mbc-action-ts
MBC Bollywood (Channel 541) – http://109.232.227.38:8000/live/soot3/93retno/164.ts
MBC Bollywood (Channel 542) – http://213.152.170.56:8000/mbc-bollywood-ts
MBC Drama (Channel 543) – http://109.232.227.38:8000/live/soot3/93retno/162.ts
MBC Drama (Channel 544) – http://213.152.170.56:8000/mbc-drama-ts
MBC Kids (MBC 3) (Channel 535) – http://109.232.227.38:8000/live/soot3/93retno/161.ts
MBC Kids (MBC 3) (Channel 536) – http://213.152.170.56:8000/mbc-3-ts
MBC Masr (Channel 545) – http://109.232.227.38:8000/live/soot3/93retno/166.ts
MBC Masr 2 (Channel 546) – http://109.232.227.38:8000/live/soot3/93retno/157.ts
MBC Max (Channel 547) – http://109.232.227.38:8000/live/soot3/93retno/165.ts
MBC Max (Channel 548) – http://213.152.170.56:8000/mbc-max-ts
MBC Pro Sports 1 (Channel 549) – http://109.232.227.38:8000/live/soot3/93retno/31.ts
MBC Pro Sports 2 (Channel 550) – http://109.232.227.38:8000/live/soot3/93retno/32.ts

August 26, 2016
Page 3

MBC Pro Sports 3 (Channel 551) – http://213.152.170.56:8000/mbc-pro-sports-3
MBC Pro Sports 4 (Channel 552) – http://213.152.170.56:8000/mbc-pro-sports-4
Melody Classic (Channel 559) – http://109.232.227.38:8000/live/soot3/93retno/83.ts
Murr TV (MTV Lebanon) (Channel 572) – http://109.232.227.38:8000/live/soot3/93retno/379.ts
NBN (Channel 589) – http://213.152.170.56:8000/nbn
New TV (Al Jadeed) (Channel 92) – http://109.232.227.38:8000/live/soot3/93retno/6.ts
Noursat (Channel 615) – http://213.152.170.56:8000/noursat
ONTV (Channel 630) – http://213.152.170.56:8000/ontv-egypt
OTV (Channel 661) – http://109.232.227.38:8000/live/soot3/93retno/89.ts
OTV (Channel 662) – http://213.152.170.56:8000/otv-ts
Star India Plus (Channel 804) – http://109.232.227.38:8000/live/soot3/93retno/573.ts
TV5Monde (Channel 878) – http://109.232.227.38:8000/live/soot3/93retno/539.ts

DISH and IBCAP have sent your customer seventeen cease and desist letters concerning their copyright infringement and unauthorized distribution of the Protected Content. Your customer has ignored all of these letters and continues to use the Service to sell and distribute Easybox set-top boxes and services that provide unauthorized access to the Protected Content. (Attached are screenshots showing your customer's use of the Service to sell and distribute their Easybox set-top box and service.)

DISH and IBCAP hereby request that you investigate the use and terminate the PayPal services associated with the email address brucexie977@gmail.com, and all future PayPal services associated with the website Easybox.tv, for violations of your AUP.

If you have any questions or need any further information, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com.

Sincerely,

HAGAN NOLL & BOYLE LLC

Stephen M. Ferguson









Print Form

 **PayPal**

| **INFRINGEMENT REPORT** |

Date: August 31, 2016

PayPal, Inc.
Attn:  PayPal Acceptable Use Policy
2211 North First Street
San Jose, CA 95131
Fax number: 1-402-537-5774 / Email: infringementreport@paypal.com

Dear PayPal:

I, the undersigned, state **UNDER PENALTY OF PERJURY** that

- I am the owner, or an agent authorized to act on behalf of the owner, of certain intellectual property rights ("IP Owner");

- I have a good faith belief that the website or webpage located at the following URL(s) (the "Website") sells, offers for sale, or makes available goods and/or services that infringe the IP Owner's intellectual property rights.

  URL: https://easybox.tv/

  URL: https://easybox.tv/cart/

- Please identify the intellectual property rights that you claim are infringed by the Website (e.g. "XYZ copyright", "ABC trademark, Reg. No. 123456, registered 1/1/04", etc) :

  See attachment including examples of copyrighted works that your customer's Easybox set-top box and service has infringed, including examples of works registered with the United States Copyright Office (identified by federal registration numbers). Registration with the United States Copyright Office

- Please briefly explain how the Website infringes the IP Owner's IP rights:

  Your customer is using your PayPal service (kamcheung857@gmail.com) to violate our clients' copyrights under U.S.C. § 501.  Specifically, the PayPal service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.  Please see the attached letter with additional details concerning your customer's copyright infringement.

- I have a good faith belief that PayPal payment services are being used to make payments for infringing goods or services on the Website.  Please briefly explain the nature of this good faith belief (since presence of a button on a site does not mean that PayPal is actually providing payment services):

  Please see the attached screenshots showing your PayPal service (kamcheung857@gmail.com) being used at checkout for an infringing Easybox set-top box and service being sold at Easybox.tv. This can be

- I understand that this Report may lead to the temporary or permanent restriction of the PayPal account associated with the Website.  PayPal account restriction has serious consequences, including the inability of the operator of the Website to use PayPal payment services in connection with any business, not only the identified Website.



- I understand that PayPal may provide a copy of this Report to the relevant PayPal account holder.

- I agree to indemnify PayPal from and against any and all claims, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, which PayPal may incur in connection with the restriction of the account identified in this notice.

- The information in this notice is accurate

Accordingly, please review any PayPal accounts that may be associated with the Website

**I May Be Contacted At** (*required)

Name of IP Owner: * Al Jazeera Media Network, ARY Digital USA, B4U U.S., Inc., DISH Network L.L.C., Geo USA Holdings,

Name and Title: * Stephen M. Ferguson, Attorney

Company: Hagan Noll & Boyle LLC

Address: * 820 Gessner, Suite 940

City, State and Zip: * Houston, TX 77024

Email address: stephen.ferguson@hnbllc.com

Telephone: * 713-343-0478

Fax: 713-758-0146

Truthfully,

Signature

## Exhibit 1 to PayPal Infringement Report – kamcheung857@gmail.com

Examples of copyrighted works that aired on the Protected Channels distributed by your customer's Easybox set-top box and service:

1.    News Bulletin – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990012
2.    The Opposite Direction – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990010
3.    Sports News – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990005
4.    Al Jazeera World – Al Jazeera Arabic News Channel
5.    Al Marsad – Al Jazeera Arabic News Channel
6.    Al-Mashaa – Al Jazeera Arabic News Channel
7.    Bila Hudood – Al Jazeera Arabic News Channel
8.    Black Box – Al Jazeera Arabic News Channel
9.    Fil Omq – Al Jazeera Arabic News Channel
10.   From Washington – Al Jazeera Arabic News Channel
11.   In Depth – Al Jazeera Arabic News Channel
12.   Observatory – Al Jazeera Arabic News Channel
13.   Palestine Under the Microscope – Al Jazeera Arabic News Channel
14.   Political Crime – Al Jazeera Arabic News Channel
15.   Press Mirror – Al Jazeera Arabic News Channel
16.   That Al-Mijhar – Al Jazeera Arabic News Channel
17.   The Initiative – Al Jazeera Arabic News Channel
18.   The Walker – Al Jazeera Arabic News Channel
19.   Their Archive Our History – Al Jazeera Arabic News Channel
20.   Under the Microscope – Al Jazeera Arabic News Channel
21.   Without Borders – Al Jazeera Arabic News Channel
22.   Witness – Al Jazeera Arabic News Channel
23.   Witness to the Era – Al Jazeera Arabic News Channel
24.   Sabah Al Khair Ya Arab – MBC 1 Channel – Fed. Reg. # PA0001992320
25.   Al Fan Wa Ahlo – MBC1 Channel
26.   Al Thaminah – MBC1 Channel
27.   Badriyah 2 – MBC1 Channel
28.   Bedoun Shak – MBC1 Channel
29.   Desert Force 2 – MBC1 Channel
30.   El Hokm – MBC1 Channel
31.   Extra Turkey – MBC1 Channel
32.   Green Apple – MBC1 Channel
33.   Jalasat Wanasa 2014 – MBC1 Channel
34.   Joelle – MBC1 Channel

35.    Kalam Nawaem – MBC1 Channel
36.    Martimonio – MBC1 Channel
37.    MBC In A Week – MBC1 Channel
38.    Sada Al Malaeb – MBC1 Channel
39.    Scoop – MBC1 Channel
40.    Style – MBC1 Channel
41.    Style with Joelle – MBC1 Channel
42.    Tasali Ahla Alam – MBC Kids Channel – Fed. Reg. # PA0001992317
43.    Al Aa2ila Al Akwa
44.    Al Tajrouba 3 – MBC Kids Channel
45.    Gentle Steps – MBC Kids Channel
46.    Tell Me How 4 – MBC Kids Channel
47.    The Strongest Family 3 – MBC Kids Channel
48.    Saherat Al Janoub – MBC Drama Channel – Fed. Reg. # PA0001992319
49.    Al Wajeha – MBC Drama Channel
50.    Bwab El Reeh (Bouwab Alrih) – MBC Drama Channel
51.    Hatirla Sevgili – MBC Drama Channel
52.    Saraya Abdeen – MBC Drama Channel
53.    Sharea Abelaziz – MBC Drama Channel
54.    Chef Hassan – MBC Masr Channel – Fed. Reg. # PA0001992315
55.    Al Malek Farook – MBC Masr Channel
56.    Selsal Al Dam – MBC Masr Channel
57.    Yahdoth Fi Masr – MBC Masr Channel



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

August 31, 2016

**VIA Email**

PayPal, Inc.
Attn:  AUP Compliance Department
2211 North First Street
San Jose, California 95131
aupviolations@paypal.com

> Re:    **Request to Investigate and Terminate Account
> (kamcheung857@gmail.com) for Violations of PayPal AUP**

Dear PayPal:

    This law firm is legal counsel for DISH Network ("DISH") and International Broadcaster Coalition Against Piracy ("IBCAP").  IBCAP represents companies including Al Jazeera Media Network, ARY Digital USA, B4U U.S., DISH, Geo USA Holdings, International Media Distribution, MBC FZ, TV5 USA, and World Span Media Consulting ("Members"), which own or control exclusive rights under copyright to distribute the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, ARY Digital, B4U Movies, B4U Music, Dream 2, Future TV, Geo News, Iqraa, LBC, LDC, MBC 1, MBC 2, MBC 4, MBC Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, Melody Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, ONTV, OTV, and TV5Monde ("Protected Content") in the United States.  As such, Members, including DISH, own or control exclusive rights under copyright to distribute and publicly perform via broadcast or digital transmission a vast number of motion pictures and television programs in the United States.

    IBCAP and DISH are writing to request that you investigate the use and terminate the PayPal services associated with the email address kamcheung857@gmail.com (the "Service"). The Service is being used by the website Easybox.tv to sell Easybox set-top boxes and services that are distributing the Protected Content and infringing the copyrights held by DISH and IBCAP Members, in violation of your Acceptable Use Policy ("AUP").  By correspondence dated July 18, 2016, July 19, 2016, August 10, 2016, and August 26, 2016, we requested that you investigate the use and terminate the PayPal services associated with the email addresses payments2929@gmail.com and brucexie977@gmail.com which were also being used by the website Easybox.tv for violations of your Acceptable Use Policy.

Pursuant to your AUP, your customer may not use your service for activities that "(1) violate any law, statute, ordinance or regulation (i.e. 17 U.S.C. § 501), (2) relate to transactions involving . . . (c) items that encourage, promote, facilitate or instruct others to engage in illegal activity, . . . (g) items that infringe or violate any copyright, trademark, . . . or any other proprietary right under the laws of any jurisdiction." Your customer is using your Service to violate copyrights under U.S.C. § 501. Specifically, the Service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.

The Easybox set-top box and service is being used to infringe DISH and IBCAP Members' copyrights by distributing the Protected Content via the following channel numbers and Uniform Resource Locators ("URLs"):

Al Arabiya (Channel 46) – http://109.232.227.38:8000/live/soot3/93retno/14.ts
Al Hayah 1 (Channel 77) – http://213.152.170.56:8000/al-hayat-1
Al Jazeera Arabic News (Channel 94) – http://109.232.227.38:8000/live/soot3/93retno/120.ts
Al Nahar (Channel 126) – http://109.232.227.38:8000/live/soot3/93retno/243.ts
Al Nahar Drama (Channel 129) – http://109.232.227.38:8000/live/soot3/93retno/244.ts
Al Nahar Sport (Channel 130) – http://109.232.227.38:8000/live/soot3/93retno/58.ts
ARY Digital (Channel 197) – http://109.232.227.38:8000/live/soot3/93retno/564.ts
B4U Movies (Channel 206) – http://109.232.227.38:8000/live/soot3/93retno/561.ts
B4U Music (Channel 207) – http://109.232.227.38:8000/live/soot3/93retno/562.ts
Dream 2 (Channel 348) – http://109.232.227.38:8000/live/soot3/93retno/299.ts
Future TV (Channel 414) – http://109.232.227.38:8000/live/soot3/93retno/174.ts
Future TV (Channel 415) – http://213.152.170.56:8000/future-tv-ts
Geo News (Channel 420) – http://109.232.227.38:8000/live/soot3/93retno/566.ts
Iqraa (Channel 457) – http://109.232.227.38:8000/live/soot3/93retno/332.ts
LBC (Channel 505) – http://109.232.227.38:8000/live/soot3/93retno/179.ts
LBC (Channel 506) – http://213.152.170.56:8000/lbc-ts
LDC (Channel 507) – http://109.232.227.38:8000/live/soot3/93retno/277.ts
MBC 1 (Channel 532) – http://109.232.227.38:8000/live/soot3/93retno/158.ts
MBC 1 (Channel 533) – http://213.152.170.56:8000/mbc-1-ts
MBC 2 (Channel 534) – http://109.232.227.38:8000/live/soot3/93retno/160.ts
MBC 4 (Channel 537) – http://109.232.227.38:8000/live/soot3/93retno/159.ts
MBC 4 (Channel 538) – http://213.152.170.56:8000/mbc-4-ts
MBC Action (Channel 539) – http://109.232.227.38:8000/live/soot3/93retno/163.ts
MBC Bollywood (Channel 541) – http://109.232.227.38:8000/live/soot3/93retno/164.ts
MBC Bollywood (Channel 542) – http://213.152.170.56:8000/mbc-bollywood-ts
MBC Drama (Channel 543) – http://109.232.227.38:8000/live/soot3/93retno/162.ts
MBC Drama (Channel 544) – http://213.152.170.56:8000/mbc-drama-ts
MBC Kids (MBC 3) (Channel 535) – http://109.232.227.38:8000/live/soot3/93retno/161.ts
MBC Kids (MBC 3) (Channel 536) – http://213.152.170.56:8000/mbc-3-ts
MBC Masr (Channel 545) – http://109.232.227.38:8000/live/soot3/93retno/166.ts
MBC Masr 2 (Channel 546) – http://109.232.227.38:8000/live/soot3/93retno/157.ts
MBC Max (Channel 547) – http://109.232.227.38:8000/live/soot3/93retno/165.ts
MBC Max (Channel 548) – http://213.152.170.56:8000/mbc-max-ts
MBC Pro Sports 1 (Channel 549) – http://109.232.227.38:8000/live/soot3/93retno/31.ts

MBC Pro Sports 2 (Channel 550) – http://109.232.227.38:8000/live/soot3/93retno/32.ts
MBC Pro Sports 3 (Channel 551) – http://213.152.170.56:8000/mbc-pro-sports-3
Melody Classic (Channel 559) – http://109.232.227.38:8000/live/soot3/93retno/83.ts
Murr TV (MTV Lebanon) (Channel 572) – http://109.232.227.38:8000/live/soot3/93retno/379.ts
NBN (Channel 589) – http://213.152.170.56:8000/nbn
New TV (Al Jadeed) (Channel 92) – http://109.232.227.38:8000/live/soot3/93retno/6.ts
Noursat (Channel 615) – http://213.152.170.56:8000/noursat
ONTV (Channel 630) – http://213.152.170.56:8000/ontv-egypt
OTV (Channel 661) – http://109.232.227.38:8000/live/soot3/93retno/89.ts
OTV (Channel 662) – http://213.152.170.56:8000/otv-ts
TV5Monde (Channel 878) – http://109.232.227.38:8000/live/soot3/93retno/539.ts

DISH and IBCAP have sent your customer eighteen cease and desist letters concerning their copyright infringement and unauthorized distribution of the Protected Content.  Your customer has ignored all of these letters and continues to use the Service to sell and distribute Easybox set-top boxes and services that provide unauthorized access to the Protected Content.  (Attached are screenshots showing your customer's use of the Service to sell and distribute their Easybox set-top box and service.)

DISH and IBCAP hereby request that you investigate the use and terminate the PayPal services associated with the email address kamcheung857@gmail.com, and all future PayPal services associated with the website Easybox.tv, for violations of your AUP.  Since this is the third PayPal account used by Easybox.tv, we ask that you block all PayPal accounts from the Easybox.tv domain.

If you have any questions or need any further information, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson









Print Form



| INFRINGEMENT REPORT |
|---|

Date: September 8, 2016

PayPal, Inc.
Attn:  PayPal Acceptable Use Policy
2211 North First Street
San Jose, CA 95131
Fax number: 1-402-537-5774 / Email: infringementreport@paypal.com

Dear PayPal:

I, the undersigned, state **UNDER PENALTY OF PERJURY** that

- I am the owner, or an agent authorized to act on behalf of the owner, of certain intellectual property rights ("IP Owner");

- I have a good faith belief that the website or webpage located at the following URL(s) (the "Website") sells, offers for sale, or makes available goods and/or services that infringe the IP Owner's intellectual property rights.

    URL: https://easybox.tv/

    URL: https://easybox.tv/cart/

- Please identify the intellectual property rights that you claim are infringed by the Website (e.g. "XYZ copyright", "ABC trademark, Reg. No. 123456, registered 1/1/04", etc) :

    See attachment including examples of copyrighted works that your customer's Easybox set-top box and service has infringed, including examples of works registered with the United States Copyright Office (identified by federal registration numbers). Registration with the United States Copyright Office

- Please briefly explain how the Website infringes the IP Owner's IP rights:

    Your customer is using your PayPal service (rminnott33@gmail.com) to violate our clients' copyrights under U.S.C. § 501.  Specifically, the PayPal service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.  Please see the attached letter with additional details concerning your customer's copyright infringement.

- I have a good faith belief that PayPal payment services are being used to make payments for infringing goods or services on the Website.  Please briefly explain the nature of this good faith belief (since presence of a button on a site does not mean that PayPal is actually providing payment services):

    Please see the attached screenshots showing your PayPal service (rminnott33@gmail.com) being used at checkout for an infringing Easybox set-top box and service being sold at Easybox.tv. This can be

- I understand that this Report may lead to the temporary or permanent restriction of the PayPal account associated with the Website.  PayPal account restriction has serious consequences, including the inability of the operator of the Website to use PayPal payment services in connection with any business, not only the identified Website.



- I understand that PayPal may provide a copy of this Report to the relevant PayPal account holder.

- I agree to indemnify PayPal from and against any and all claims, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, which PayPal may incur in connection with the restriction of the account identified in this notice.

- The information in this notice is accurate

Accordingly, please review any PayPal accounts that may be associated with the Website

**I May Be Contacted At** (*required)

Name of IP Owner: * | Al Jazeera Media Network, ARY Digital USA, B4U U.S., Inc., DISH Network L.L.C., Geo USA Holdings,

Name and Title: * | Stephen M. Ferguson, Attorney

Company: | Hagan Noll & Boyle LLC

Address: * | 820 Gessner, Suite 940

City, State and Zip: * | Houston, TX 77024

Email address: | stephen.ferguson@hnbllc.com

Telephone: * | 713-343-0478

Fax: | 713-758-0146

Truthfully,

_____ *Stephen M. Ferguson* _____

Signature

## **Exhibit 1 to PayPal Infringement Report – rminnott33@gmail.com**

Examples of copyrighted works that aired on the Protected Channels distributed by your

customer's Easybox set-top box and service:

1. News Bulletin – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990012
2. The Opposite Direction – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990010
3. Sports News – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990005
4. Al Jazeera World – Al Jazeera Arabic News Channel
5. Al Marsad – Al Jazeera Arabic News Channel
6. Al-Mashaa – Al Jazeera Arabic News Channel
7. Bila Hudood – Al Jazeera Arabic News Channel
8. Black Box – Al Jazeera Arabic News Channel
9. Fil Omq – Al Jazeera Arabic News Channel
10. From Washington – Al Jazeera Arabic News Channel
11. In Depth – Al Jazeera Arabic News Channel
12. Observatory – Al Jazeera Arabic News Channel
13. Palestine Under the Microscope – Al Jazeera Arabic News Channel
14. Political Crime – Al Jazeera Arabic News Channel
15. Press Mirror – Al Jazeera Arabic News Channel
16. That Al-Mijhar – Al Jazeera Arabic News Channel
17. The Initiative – Al Jazeera Arabic News Channel
18. The Walker – Al Jazeera Arabic News Channel
19. Their Archive Our History – Al Jazeera Arabic News Channel
20. Under the Microscope – Al Jazeera Arabic News Channel
21. Without Borders – Al Jazeera Arabic News Channel
22. Witness – Al Jazeera Arabic News Channel
23. Witness to the Era – Al Jazeera Arabic News Channel
24. Sabah Al Khair Ya Arab – MBC 1 Channel – Fed. Reg. # PA0001992320
25. Al Fan Wa Ahlo – MBC1 Channel
26. Al Thaminah – MBC1 Channel
27. Badriyah 2 – MBC1 Channel
28. Bedoun Shak – MBC1 Channel
29. Desert Force 2 – MBC1 Channel
30. El Hokm – MBC1 Channel
31. Extra Turkey – MBC1 Channel
32. Green Apple – MBC1 Channel
33. Jalasat Wanasa 2014 – MBC1 Channel
34. Joelle – MBC1 Channel

35.     Kalam Nawaem – MBC1 Channel
36.     Martimonio – MBC1 Channel
37.     MBC In A Week – MBC1 Channel
38.     Sada Al Malaeb – MBC1 Channel
39.     Scoop – MBC1 Channel
40.     Style – MBC1 Channel
41.     Style with Joelle – MBC1 Channel
42.     Tasali Ahla Alam – MBC Kids Channel – Fed. Reg. # PA0001992317
43.     Al Aa2ila Al Akwa
44.     Al Tajrouba 3 – MBC Kids Channel
45.     Gentle Steps – MBC Kids Channel
46.     Tell Me How 4 – MBC Kids Channel
47.     The Strongest Family 3 – MBC Kids Channel
48.     Saherat Al Janoub – MBC Drama Channel – Fed. Reg. # PA0001992319
49.     Al Wajeha – MBC Drama Channel
50.     Bwab El Reeh (Bouwab Alrih) – MBC Drama Channel
51.     Hatirla Sevgili – MBC Drama Channel
52.     Saraya Abdeen – MBC Drama Channel
53.     Sharea Abelaziz – MBC Drama Channel
54.     Chef Hassan – MBC Masr Channel – Fed. Reg. # PA0001992315
55.     Al Malek Farook – MBC Masr Channel
56.     Selsal Al Dam – MBC Masr Channel
57.     Yahdoth Fi Masr – MBC Masr Channel



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

September 8, 2016

**VIA Email**

PayPal, Inc.
Attn:  AUP Compliance Department
2211 North First Street
San Jose, California 95131
aupviolations@paypal.com

> Re:    **Request to Investigate and Terminate Account (rminnott33@gmail.com)**
>         **for Violations of PayPal AUP**

Dear PayPal:

This law firm is legal counsel for DISH Network ("DISH") and International Broadcaster Coalition Against Piracy ("IBCAP").  IBCAP represents companies including Al Jazeera Media Network, ARY Digital USA, B4U U.S., DISH, Geo USA Holdings, International Media Distribution, MBC FZ, TV5 USA, and World Span Media Consulting ("Members"), which own or control exclusive rights under copyright to distribute the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, ARY Digital, B4U Movies, B4U Music, Dream 2, Future TV, Geo News, Iqraa, LBC, LDC, MBC 1, MBC 2, MBC 4, MBC Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, Melody Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, ONTV, OTV, and TV5Monde ("Protected Content") in the United States.  As such, Members, including DISH, own or control exclusive rights under copyright to distribute and publicly perform via broadcast or digital transmission a vast number of motion pictures and television programs in the United States.

IBCAP and DISH are writing to request that you investigate the use and terminate the PayPal services associated with the email address rminnott33@gmail.com (the "Service").  The Service is being used by the website Easybox.tv to sell Easybox set-top boxes and services that are distributing the Protected Content and infringing the copyrights held by DISH and IBCAP Members, in violation of your Acceptable Use Policy ("AUP").  By correspondence dated July 18, 2016, July 19, 2016, August 10, 2016, August 26, 2016, and August 31, 2016, we requested that you investigate the use and terminate the PayPal services associated with the email addresses payments2929@gmail.com, brucexie977@gmail.com, and kamcheung857@gmail.com which were also being used by the website Easybox.tv for violations of your Acceptable Use Policy.

Pursuant to your AUP, your customer may not use your service for activities that "(1) violate any law, statute, ordinance or regulation (i.e. 17 U.S.C. § 501), (2) relate to transactions involving . . . (c) items that encourage, promote, facilitate or instruct others to engage in illegal activity, . . . (g) items that infringe or violate any copyright, trademark, . . . or any other proprietary right under the laws of any jurisdiction." Your customer is using your Service to violate copyrights under U.S.C. § 501. Specifically, the Service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.

The Easybox set-top box and service is being used to infringe DISH and IBCAP Members' copyrights by distributing the Protected Content via the following channel numbers and Uniform Resource Locators ("URLs"):

Al Arabiya (Channel 46) – http://109.232.227.38:8000/live/soot3/93retno/14.ts
Al Hayah 1 (Channel 77) – http://213.152.170.56:8000/al-hayat-1
Al Jazeera Arabic News (Channel 94) – http://109.232.227.38:8000/live/soot3/93retno/120.ts
Al Nahar (Channel 126) – http://109.232.227.38:8000/live/soot3/93retno/243.ts
Al Nahar Drama (Channel 129) – http://109.232.227.38:8000/live/soot3/93retno/244.ts
Al Nahar Sport (Channel 130) – http://109.232.227.38:8000/live/soot3/93retno/58.ts
ARY Digital (Channel 197) – http://109.232.227.38:8000/live/soot3/93retno/564.ts
B4U Movies (Channel 206) – http://109.232.227.38:8000/live/soot3/93retno/561.ts
B4U Music (Channel 207) – http://109.232.227.38:8000/live/soot3/93retno/562.ts
Dream 2 (Channel 348) – http://109.232.227.38:8000/live/soot3/93retno/299.ts
Future TV (Channel 414) – http://109.232.227.38:8000/live/soot3/93retno/174.ts
Future TV (Channel 415) – http://213.152.170.56:8000/future-tv-ts
Geo News (Channel 420) – http://109.232.227.38:8000/live/soot3/93retno/566.ts
Iqraa (Channel 457) – http://109.232.227.38:8000/live/soot3/93retno/332.ts
LBC (Channel 505) – http://109.232.227.38:8000/live/soot3/93retno/179.ts
LBC (Channel 506) – http://213.152.170.56:8000/lbc-ts
LDC (Channel 507) – http://109.232.227.38:8000/live/soot3/93retno/277.ts
MBC 1 (Channel 532) – http://109.232.227.38:8000/live/soot3/93retno/158.ts
MBC 1 (Channel 533) – http://213.152.170.56:8000/mbc-1-ts
MBC 2 (Channel 534) – http://109.232.227.38:8000/live/soot3/93retno/160.ts
MBC 4 (Channel 537) – http://109.232.227.38:8000/live/soot3/93retno/159.ts
MBC 4 (Channel 538) – http://213.152.170.56:8000/mbc-4-ts
MBC Action (Channel 539) – http://109.232.227.38:8000/live/soot3/93retno/163.ts
MBC Bollywood (Channel 541) – http://109.232.227.38:8000/live/soot3/93retno/164.ts
MBC Bollywood (Channel 542) – http://213.152.170.56:8000/mbc-bollywood-ts
MBC Drama (Channel 543) – http://109.232.227.38:8000/live/soot3/93retno/162.ts
MBC Drama (Channel 544) – http://213.152.170.56:8000/mbc-drama-ts
MBC Kids (MBC 3) (Channel 535) – http://109.232.227.38:8000/live/soot3/93retno/161.ts
MBC Kids (MBC 3) (Channel 536) – http://213.152.170.56:8000/mbc-3-ts
MBC Masr (Channel 545) – http://109.232.227.38:8000/live/soot3/93retno/166.ts
MBC Masr 2 (Channel 546) – http://109.232.227.38:8000/live/soot3/93retno/157.ts
MBC Max (Channel 547) – http://109.232.227.38:8000/live/soot3/93retno/165.ts
MBC Max (Channel 548) – http://213.152.170.56:8000/mbc-max-ts
MBC Pro Sports 1 (Channel 549) – http://109.232.227.38:8000/live/soot3/93retno/31.ts

September 8, 2016
Page 3

MBC Pro Sports 2 (Channel 550) – http://109.232.227.38:8000/live/soot3/93retno/32.ts
MBC Pro Sports 3 (Channel 551) – http://213.152.170.56:8000/mbc-pro-sports-3
Melody Classic (Channel 559) – http://109.232.227.38:8000/live/soot3/93retno/83.ts
Murr TV (MTV Lebanon) (Channel 572) – http://109.232.227.38:8000/live/soot3/93retno/379.ts
NBN (Channel 589) – http://213.152.170.56:8000/nbn
New TV (Al Jadeed) (Channel 92) – http://109.232.227.38:8000/live/soot3/93retno/6.ts
Noursat (Channel 615) – http://213.152.170.56:8000/noursat
ONTV (Channel 630) – http://213.152.170.56:8000/ontv-egypt
OTV (Channel 661) – http://109.232.227.38:8000/live/soot3/93retno/89.ts
OTV (Channel 662) – http://213.152.170.56:8000/otv-ts
TV5Monde (Channel 878) – http://109.232.227.38:8000/live/soot3/93retno/539.ts

DISH and IBCAP have sent your customer eighteen cease and desist letters concerning their copyright infringement and unauthorized distribution of the Protected Content.  Your customer has ignored all of these letters and continues to use the Service to sell and distribute Easybox set-top boxes and services that provide unauthorized access to the Protected Content. (Attached are screenshots showing your customer's use of the Service to sell and distribute their Easybox set-top box and service.)

DISH and IBCAP hereby request that you investigate the use and terminate the PayPal services associated with the email address rminnott33@gmail.com, and all future PayPal services associated with the website Easybox.tv, for violations of your AUP.  Since this is the fourth PayPal account used by Easybox.tv, we ask that you block all PayPal accounts from the Easybox.tv domain.

If you have any questions or need any further information, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson









Print Form

 PayPal

| INFRINGEMENT REPORT |
|---|

Date: September 12, 2016

PayPal, Inc.
Attn:  PayPal Acceptable Use Policy
2211 North First Street
San Jose, CA 95131
Fax number: 1-402-537-5774 / Email: infringementreport@paypal.com

Dear PayPal:

I, the undersigned, state **UNDER PENALTY OF PERJURY** that

- I am the owner, or an agent authorized to act on behalf of the owner, of certain intellectual property rights ("IP Owner");

- I have a good faith belief that the website or webpage located at the following URL(s) (the "Website") sells, offers for sale, or makes available goods and/or services that infringe the IP Owner's intellectual property rights.

  **URL:** https://easybox.tv/

  **URL:** https://easybox.tv/cart/

- Please identify the intellectual property rights that you claim are infringed by the Website (e.g. "XYZ copyright", "ABC trademark, Reg. No. 123456, registered 1/1/04", etc) :

  See attachment including examples of copyrighted works that your customer's Easybox set-top box and service has infringed, including examples of works registered with the United States Copyright Office (identified by federal registration numbers). Registration with the United States Copyright Office

- Please briefly explain how the Website infringes the IP Owner's IP rights:

  Your customer is using your PayPal service (xiaohu3777@gmail.com) to violate our clients' copyrights under U.S.C. § 501. Specifically, the PayPal service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501. Please see the attached letter with additional details concerning your customer's copyright infringement.

- I have a good faith belief that PayPal payment services are being used to make payments for infringing goods or services on the Website. Please briefly explain the nature of this good faith belief (since presence of a button on a site does not mean that PayPal is actually providing payment services):

  Your PayPal service (xiaohu3777@gmail.com) is being used by Easybox.tv for the sale of infringing Easybox set-top boxes and services. This can be verified by selecting a product such as "Easybox Arabia",

- I understand that this Report may lead to the temporary or permanent restriction of the PayPal account associated with the Website. PayPal account restriction has serious consequences, including the inability of the operator of the Website to use PayPal payment services in connection with any business, not only the identified Website.



- I understand that PayPal may provide a copy of this Report to the relevant PayPal account holder.

- I agree to indemnify PayPal from and against any and all claims, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, which PayPal may incur in connection with the restriction of the account identified in this notice.

- The information in this notice is accurate

Accordingly, please review any PayPal accounts that may be associated with the Website

**I May Be Contacted At** (*required)

Name of IP Owner: *  Al Jazeera Media Network, ARY Digital USA, B4U U.S., Inc., DISH Network L.L.C., Geo USA Holdings,

Name and Title: *  Stephen M. Ferguson, Attorney

Company:  Hagan Noll & Boyle LLC

Address: *  820 Gessner, Suite 940

City, State and Zip: *  Houston, TX 77024

Email address:  stephen.ferguson@hnbllc.com

Telephone: *  713-343-0478

Fax:  713-758-0146

Truthfully,

_____ _Stephen M. Ferguson_ _____

Signature

## <u>Exhibit 1 to PayPal Infringement Report – xiaohu3777@gmail.com</u>

Examples of copyrighted works that aired on the Protected Channels distributed by your customer's Easybox set-top box and service:

1.  News Bulletin – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990012
2.  The Opposite Direction – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990010
3.  Sports News – Al Jazeera Arabic News Channel – Fed. Reg. # PA0001990005
4.  Al Jazeera World – Al Jazeera Arabic News Channel
5.  Al Marsad – Al Jazeera Arabic News Channel
6.  Al-Mashaa – Al Jazeera Arabic News Channel
7.  Bila Hudood – Al Jazeera Arabic News Channel
8.  Black Box – Al Jazeera Arabic News Channel
9.  Fil Omq – Al Jazeera Arabic News Channel
10. From Washington – Al Jazeera Arabic News Channel
11. In Depth – Al Jazeera Arabic News Channel
12. Observatory – Al Jazeera Arabic News Channel
13. Palestine Under the Microscope – Al Jazeera Arabic News Channel
14. Political Crime – Al Jazeera Arabic News Channel
15. Press Mirror – Al Jazeera Arabic News Channel
16. That Al-Mijhar – Al Jazeera Arabic News Channel
17. The Initiative – Al Jazeera Arabic News Channel
18. The Walker – Al Jazeera Arabic News Channel
19. Their Archive Our History – Al Jazeera Arabic News Channel
20. Under the Microscope – Al Jazeera Arabic News Channel
21. Without Borders – Al Jazeera Arabic News Channel
22. Witness – Al Jazeera Arabic News Channel
23. Witness to the Era – Al Jazeera Arabic News Channel
24. Sabah Al Khair Ya Arab – MBC 1 Channel – Fed. Reg. # PA0001992320
25. Al Fan Wa Ahlo – MBC1 Channel
26. Al Thaminah – MBC1 Channel
27. Badriyah 2 – MBC1 Channel
28. Bedoun Shak – MBC1 Channel
29. Desert Force 2 – MBC1 Channel
30. El Hokm – MBC1 Channel
31. Extra Turkey – MBC1 Channel
32. Green Apple – MBC1 Channel
33. Jalasat Wanasa 2014 – MBC1 Channel
34. Joelle – MBC1 Channel

35. Kalam Nawaem – MBC1 Channel
36. Martimonio – MBC1 Channel
37. MBC In A Week – MBC1 Channel
38. Sada Al Malaeb – MBC1 Channel
39. Scoop – MBC1 Channel
40. Style – MBC1 Channel
41. Style with Joelle – MBC1 Channel
42. Tasali Ahla Alam – MBC Kids Channel – Fed. Reg. # PA0001992317
43. Al Aa2ila Al Akwa
44. Al Tajrouba 3 – MBC Kids Channel
45. Gentle Steps – MBC Kids Channel
46. Tell Me How 4 – MBC Kids Channel
47. The Strongest Family 3 – MBC Kids Channel
48. Saherat Al Janoub – MBC Drama Channel – Fed. Reg. # PA0001992319
49. Al Wajeha – MBC Drama Channel
50. Bwab El Reeh (Bouwab Alrih) – MBC Drama Channel
51. Hatirla Sevgili – MBC Drama Channel
52. Saraya Abdeen – MBC Drama Channel
53. Sharea Abelaziz – MBC Drama Channel
54. Chef Hassan – MBC Masr Channel – Fed. Reg. # PA0001992315
55. Al Malek Farook – MBC Masr Channel
56. Selsal Al Dam – MBC Masr Channel
57. Yahdoth Fi Masr – MBC Masr Channel



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

September 12, 2016

**VIA Email**

PayPal, Inc.
Attn:  AUP Compliance Department
2211 North First Street
San Jose, California 95131
aupviolations@paypal.com

> Re:   **Request to Investigate and Terminate Account (xiaohu3777@gmail.com)
> for Violations of PayPal AUP**

Dear PayPal:

This law firm is legal counsel for DISH Network ("DISH") and International Broadcaster Coalition Against Piracy ("IBCAP").  IBCAP represents companies including Al Jazeera Media Network, ARY Digital USA, B4U U.S., DISH, Geo USA Holdings, International Media Distribution, MBC FZ, TV5 USA, and World Span Media Consulting ("Members"), which own or control exclusive rights under copyright to distribute the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, ARY Digital, B4U Movies, B4U Music, Dream 2, Future TV, Geo News, Iqraa, LBC, LDC, MBC 1, MBC 2, MBC 4, MBC Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, Melody Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, ONTV, OTV, and TV5Monde ("Protected Content") in the United States.  As such, Members, including DISH, own or control exclusive rights under copyright to distribute and publicly perform via broadcast or digital transmission a vast number of motion pictures and television programs in the United States.

IBCAP and DISH are writing to request that you investigate the use and terminate the PayPal services associated with the email address xiaohu3777@gmail.com (the "Service"), and all future PayPal services associated with the website Easybox.tv.  The Service is being used by the website Easybox.tv to sell Easybox set-top boxes and services that are distributing the Protected Content and infringing the copyrights held by DISH and IBCAP Members, in violation of your Acceptable Use Policy ("AUP").  By correspondence dated July 18, 2016, July 19, 2016, August 10, 2016, August 26, 2016, August 31, 2016, and September 8, 2016, we requested that you investigate the use and terminate the PayPal services associated with the email addresses payments2929@gmail.com, brucexie977@gmail.com, kamcheung857@gmail.com, and rminnott33@gmail.com, which were also being used by the website Easybox.tv for violations of your Acceptable Use Policy.

Pursuant to your AUP, your customer may not use your service for activities that "(1) violate any law, statute, ordinance or regulation (i.e. 17 U.S.C. § 501), (2) relate to transactions involving . . . (c) items that encourage, promote, facilitate or instruct others to engage in illegal activity, . . . (g) items that infringe or violate any copyright, trademark, . . . or any other proprietary right under the laws of any jurisdiction." Your customer is using your Service to violate copyrights under U.S.C. § 501. Specifically, the Service is being used for transactions involving the sale of the Easybox set-top boxes and services, which (1) are items used to infringe DISH and IBCAP Members' copyrights, and (2) encourage, promote, facilitate, and instruct others to engage in copyright infringement and violate 17 U.S.C. § 501.

The Easybox set-top box and service is being used to infringe DISH and IBCAP Members' copyrights by distributing the Protected Content via the following channel numbers and Uniform Resource Locators ("URLs"):

Al Arabiya (Channel 46) – http://109.232.227.38:8000/live/soot3/93retno/14.ts
Al Hayah 1 (Channel 77) – http://213.152.170.56:8000/al-hayat-1
Al Jazeera Arabic News (Channel 94) – http://109.232.227.38:8000/live/soot3/93retno/120.ts
Al Nahar (Channel 126) – http://109.232.227.38:8000/live/soot3/93retno/243.ts
Al Nahar Drama (Channel 129) – http://109.232.227.38:8000/live/soot3/93retno/244.ts
Al Nahar Sport (Channel 130) – http://109.232.227.38:8000/live/soot3/93retno/58.ts
ARY Digital (Channel 197) – http://109.232.227.38:8000/live/soot3/93retno/564.ts
B4U Movies (Channel 206) – http://109.232.227.38:8000/live/soot3/93retno/561.ts
B4U Music (Channel 207) – http://109.232.227.38:8000/live/soot3/93retno/562.ts
Dream 2 (Channel 348) – http://109.232.227.38:8000/live/soot3/93retno/299.ts
Future TV (Channel 414) – http://109.232.227.38:8000/live/soot3/93retno/174.ts
Future TV (Channel 415) – http://213.152.170.56:8000/future-tv-ts
Geo News (Channel 420) – http://109.232.227.38:8000/live/soot3/93retno/566.ts
Iqraa (Channel 457) – http://109.232.227.38:8000/live/soot3/93retno/332.ts
LBC (Channel 505) – http://109.232.227.38:8000/live/soot3/93retno/179.ts
LBC (Channel 506) – http://213.152.170.56:8000/lbc-ts
LDC (Channel 507) – http://109.232.227.38:8000/live/soot3/93retno/277.ts
MBC 1 (Channel 532) – http://109.232.227.38:8000/live/soot3/93retno/158.ts
MBC 1 (Channel 533) – http://213.152.170.56:8000/mbc-1-ts
MBC 2 (Channel 534) – http://109.232.227.38:8000/live/soot3/93retno/160.ts
MBC 4 (Channel 537) – http://109.232.227.38:8000/live/soot3/93retno/159.ts
MBC 4 (Channel 538) – http://213.152.170.56:8000/mbc-4-ts
MBC Action (Channel 539) – http://109.232.227.38:8000/live/soot3/93retno/163.ts
MBC Bollywood (Channel 541) – http://109.232.227.38:8000/live/soot3/93retno/164.ts
MBC Bollywood (Channel 542) – http://213.152.170.56:8000/mbc-bollywood-ts
MBC Drama (Channel 543) – http://109.232.227.38:8000/live/soot3/93retno/162.ts
MBC Drama (Channel 544) – http://213.152.170.56:8000/mbc-drama-ts
MBC Kids (MBC 3) (Channel 535) – http://109.232.227.38:8000/live/soot3/93retno/161.ts
MBC Kids (MBC 3) (Channel 536) – http://213.152.170.56:8000/mbc-3-ts
MBC Masr (Channel 545) – http://109.232.227.38:8000/live/soot3/93retno/166.ts
MBC Masr 2 (Channel 546) – http://109.232.227.38:8000/live/soot3/93retno/157.ts
MBC Max (Channel 547) – http://109.232.227.38:8000/live/soot3/93retno/165.ts
MBC Max (Channel 548) – http://213.152.170.56:8000/mbc-max-ts

MBC Pro Sports 1 (Channel 549) – http://109.232.227.38:8000/live/soot3/93retno/31.ts
MBC Pro Sports 2 (Channel 550) – http://109.232.227.38:8000/live/soot3/93retno/32.ts
MBC Pro Sports 3 (Channel 551) – http://213.152.170.56:8000/mbc-pro-sports-3
Melody Classic (Channel 559) – http://109.232.227.38:8000/live/soot3/93retno/83.ts
Murr TV (MTV Lebanon) (Channel 572) – http://109.232.227.38:8000/live/soot3/93retno/379.ts
NBN (Channel 589) – http://213.152.170.56:8000/nbn
New TV (Al Jadeed) (Channel 92) – http://109.232.227.38:8000/live/soot3/93retno/6.ts
Noursat (Channel 615) – http://213.152.170.56:8000/noursat
ONTV (Channel 630) – http://213.152.170.56:8000/ontv-egypt
OTV (Channel 661) – http://109.232.227.38:8000/live/soot3/93retno/89.ts
OTV (Channel 662) – http://213.152.170.56:8000/otv-ts
TV5Monde (Channel 878) – http://109.232.227.38:8000/live/soot3/93retno/539.ts

DISH and IBCAP have sent your customer eighteen cease and desist letters concerning their copyright infringement and unauthorized distribution of the Protected Content.  Your customer has ignored all of these letters and continues to use PayPal services to sell and distribute Easybox set-top boxes and services that provide unauthorized access to the Protected Content.

DISH and IBCAP hereby request that you investigate the use and terminate the PayPal services associated with the email address xiaohu3777@gmail.com, and all future PayPal services associated with the website Easybox.tv, for violations of your AUP.  This is the fifth PayPal account used by Easybox.tv and we ask that you block all PayPal accounts from the Easybox.tv domain or otherwise implement measures to prevent additional PayPal accounts from being associated with this domain.

If you have any questions or need any further information, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                                         :
THE REPUBLIC OF KAZAKHSTAN,                                              :
                                                                         :
                                    Plaintiff,                           :
                                                                         :
                        -against-                                        :
                                                                         :   15 Civ. 1900 (ER)
DOES 1-100 INCLUSIVE,                                                    :
                                                                         :
                                    Defendants.                          :
                                                                         :
------------------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY

Plaintiff The Republic of Kazakhstan ("Plaintiff") moves, pursuant to Fed. R. Civ. P. 28(b)(2) and 28 U.S.C. § 1781(b)(2), for issuance of letters rogatory requesting the assistance of the New Zealand High Court in obtaining evidence from Mega Limited ("Mega"), a company based in New Zealand. As set forth below, someone has uploaded onto Mega's website numerous files that collectively contain over 100,000 documents stolen by hackers from the computer systems of the Republic of Kazakhstan. Plaintiff seeks to use the letters rogatory process to obtain the relevant information from Mega to identify whoever uploaded these files.

## STATEMENT OF FACTS

### A. The Hacking Of Plaintiff's Computers And Accounts

On or about January 21, 2015, Plaintiff learned of unauthorized public postings of certain of its privileged and confidential emails, and thereby became aware that its computer systems and other accounts had been hacked by unknown hackers. (ECF No. 06 at ¶ 7.)

The hackers unlawfully accessed Plaintiff's computers, as well as Gmail accounts used from time to time by Plaintiff's officials to conduct official government business, and misappropriated government emails and other documents containing sensitive, proprietary, and highly confidential government documents (the "Stolen Materials"). (ECF No. 06 at ¶ 8.)

The hackers or their confederates have posted some of the Stolen Materials on https://mega.co.nz/, a website hosted by Mega, a company based in New Zealand. There is a different website, https://kazaword.wordpress.com, which contains hyperlinks to Mega's website. A user who clicks on the hyperlinks is redirected to a specific Mega archive that contains a portion of the Stolen Materials. There are at least 23 files/archives on Mega that contain or that once contained Stolen Materials. The files/archives on Mega's website collectively contain over 100,000 documents from among the Stolen Materials. It appears from

the posts that these files were uploaded to Mega between August of 2014 and April of 2015. (Declaration of Nicole M. Mazanitis, dated May 21, 2015 ("Mazanitis Decl."), at ¶ 7.)

The hackers or their confederates have also posted on the Mega website 27 articles that contain screenshots of extensive excerpts from the Stolen Materials. The www.facebook.com and www.respublika-kz.info websites contain links that redirect the user to the 27 articles posted on the Mega website. (Mazanitis Decl., at ¶ 9.)

**B.      The  Temporary Restraining Order And Preliminary Injunction**

On March 12, 2015, Plaintiff filed a Complaint in this Court against Doe Defendants (the unknown hackers), based upon violation of The Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  (ECF No. 01.)

On March 13, 2015, Plaintiff filed a Motion, by Order to Show Cause,  for a Temporary Restraining Order and Preliminary Injunction, requesting that the Court order that "Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials."  That same day, the Court executed the Order to Show Cause and granted the Motion for a Temporary Restraining Order.  (ECF No. 03.)

On March 20, 2015, the Court converted the Temporary Restraining Order into a Preliminary Injunction, and ordered that:

> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials;

Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must immediately deliver to Plaintiff: (a) all copies of the Stolen Materials; and (b) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from the Stolen Materials; and

Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of the Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this litigation.

(ECF No. 10 at p. 9.)

Also on March 20, 2015, the Court granted Plaintiff leave to serve expedited third-party discovery. (Tr. Mar. 20, 2015 at pp. 6-9.)

### C.   Plaintiff's Requests For Information To Mega

The Mega website contains at least 23 files that collectively contain or once contained over 100,000 documents from among the Stolen Materials, and also contains 27 files that contain screenshots of excerpts of emails stolen by Plaintiff. (Mazanitis Decl. ¶¶ 6-7, 9.) Mega now hosts these documents. Plaintiff does not know who uploaded these files to the Mega website. Mega should accordingly have information that will help identify who uploaded these files, such as the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website. This information is essential to identifying at least some of the "Does" named as defendants in the Complaint, and could lead to admissible evidence at trial. Because Mega is based in New Zealand, and is not known to have a presence in the United States, it is necessary to use the letters rogatory process.[1] (Mazanitis Decl. ¶ 11.)

---

[1] New Zealand is not a party to the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters.

Accordingly, Plaintiff requests that the Court grant its motion for letters rogatory requesting the assistance of the New Zealand High Court in obtaining documents from Mega sufficient to identify the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website.[2]

## ARGUMENT

### THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY

#### A. The Court Has Authority To Issue Letters Rogatory

Letters rogatory are the means by which a court can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *See, e.g., Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *see also* 28 U.S.C. § 1781(b)(2). This Court has the authority to issue letters rogatory pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b)(2). *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 776; *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 18, 2005).

#### B. The Evidence Sought Is Relevant

In making the determination of whether to issue letters rogatory, courts apply the relevance standards of Fed. R. Civ. P. 26. *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 776; *see also Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, No. 11 Civ. 3108, 2012 U.S. Dist. LEXIS 144917, at *7 (S.D.N.Y. Oct. 4, 2012) (noting that "a court should not authorize the service of letters rogatory if it would not approve of the discovery requests in a purely domestic

---

[2] Plaintiff respectfully submits a Proposed Order Granting Plaintiff's Motion for the Issuance of Letter Rogatory as Exhibit 1 to the Mazanitis Declaration, and a form of the Letter of Request For Assistance in Civil Proceedings as Exhibit 2 to the Mazanitis Declaration.

context."). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Chen–Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (internal quotation marks omitted). Information that is relevant to any claim or defense of any party is discoverable, as well as information "reasonably calculated to lead to the discovery of admissible evidence," whether or not such information is itself admissible. Fed. R. Civ. P. 26(b)(1).

Courts have routinely granted motions for letters rogatory where (as here) the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1 (granting motion for letters rogatory to permit third-party discovery in Canada); *Elliott Assocs. v. Republic of Peru*, No. 96 Civ 7917 (RWS), 1997 U.S. Dist. LEXIS 11185, at *4 (S.D.N.Y. Aug. 1, 1997) (granting motion for letters rogatory to take testimony in the United Kingdom), *rev'd on other grounds*, *Elliott Assocs. v. Banco de la Nacion*, 194 F.3d 363 (2d Cir. 1999); *Philan Ins. Ltd. v. Frank B. Hall & Co.*, No. 87 Civ. 4624 (RPP), 1992 U.S. Dist LEXIS 11094, at *6 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist plaintiffs in proving damages); *B & L Drilling Elec. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) (granting motion to issue letters rogatory directed to appropriate authority in Canada).

Plaintiff's request that an appropriate representative of Mega attend the New Zealand High Court to produce documents sufficient to identify the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload a file that contains any Stolen Materials, could reasonably lead to the identification of at least some of the "Does" named as defendants. Identifying the defendants is critical to proceeding with this action and holding the defendants

accountable for their wrongdoing.  It is also critical to enforcing the Preliminary Injunction against the Defendants, and is reasonably calculated to lead to admissible evidence.

Plaintiff's request is narrowly tailored, and calls only for "documents sufficient to identify" the IP address, the MAC address, email address, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website.  Links to each of the files are provided in the Letter of Request For Assistance in Civil Proceedings (Mazanitis Decl. Ex. 2), to enable Mega to easily identify the files at issue.  Further, Plaintiff's request for information is in accordance with New Zealand law.  (Declaration of Daniel Kalderimis, dated May 7, 2015, at ¶ 5.)

Finally, Plaintiff is unable to obtain this information by any other means.  Mega is believed to be the sole custodian of information identifying the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information of the persons who uploaded the Stolen Materials onto Mega's website.  (Mazanitis Decl. ¶ 10.)

## **CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff's motion for the

issuance of letters rogatory.


Dated: New York, New York
      May 21, 2015


                Respectfully submitted,

                CURTIS, MALLET-PREVOST,
                  COLT & MOSLE LLP


                By:     */s/Jacques Semmelman*
                    Jacques Semmelman (JS 5020)
                    jsemmelman@curtis.com
                    Michael R. Graif (MG 4795)
                    mgraif@curtis.com

                101 Park Avenue
                New York, New York 10178
                (212) 696-6000

                *Attorneys for Plaintiff The Republic of Kazakhstan*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 10|28|2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE REPUBLIC OF KAZAKHSTAN, | |
| Plaintiff, | |
| - against - | **ORDER** |
| DOES 1-100 INCLUSIVE, | 15 Civ. 1900 (ER) |
| Defendants. | |

Ramos, D.J.:

On May 21, 2015, Plaintiff, the Republic of Kazakhstan, filed a motion for the issuance of letters rogatory to the New Zealand High Court for assistance in obtaining evidence from Mega Limited, a company based in New Zealand. Doc. 18. The court GRANTS Plaintiff's request for letters rogatory. The Clerk of Court is directed to terminate the motion, Doc. 18.

It is so ORDERED.

Dated:  October 28, 2015
        New York, New York

Edgardo Ramos, U.S.D.J.

# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     PayPal, Inc., c/o CT Corporation, Registered Agent
111 8th Avenue, 13th Floor, New York, NY 10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and PayPal, Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

     *CLERK OF COURT*

                             OR

_____      _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means any PayPal account associated with any of the following:

1.  vaservices2018@gmail.com;

2.  paymentspaypal2017@gmail.com;

3.  angela85.ggs@gmail.com;

4.  payments2929@gmail.com;

5.  brucexie977@gmail.com;

6.  kamcheung857@gmail.com;

7.  rminnott33@gmail.com;

8.  xiaohu3777@gmail.com;

9.  info@easybox.tv;

10.  export@easybox.tv; and

11.  *https://www.easybox.tv*

"Account" also includes any and all related accounts.

**Document Requests**

1.      Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered each Account.

2.      Applications, forms, and other documents that were submitted in order to create or make changes to each Account.

3.      Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered each Account, including session date and time stamps at the time of registration.

4.      Documents sufficient to identify the IP addresses used by persons accessing each Account, including IP address logs with session date and time stamps of each access to each Account, from January 1, 2016 through the present.

5.      All communications PayPal sent to or received from each Account during the time period of January 1, 2016 to present.

6.      Documents sufficient to identify all transactions transferring balances to or from each Account and a bank associated with each Account.

# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| DISH NETWORK L.L.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| DOES 1-5 d/b/a Easybox IPTV, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Google, Inc., c/o Corporation Service Company, Registered Agent
2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Google, Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means any Google or YouTube account associated with:

1.    the Gmail email address: vaservices2018@gmail.com;

2.    the Gmail email address: paymentspaypal2017@gmail.com;

3.    the Gmail email address: angela85.ggs@gmail.com;

4.    the Gmail email address: payments2929@gmail.com;

5.    the Gmail email address: brucexie977@gmail.com;

6.    the Gmail email address: kamcheung857@gmail.com;

7.    the Gmail email address: rminnott33@gmail.com;

8.    the Gmail email address: xiaohu3777@gmail.com;

9.    YouTube user: arabiciptv;

10.    the following file on your service on July 30, 2019:

   a.    *https://www.youtube.com/watch?v=hVv36lGqp0k*;

11.    YouTube user: Easy boxtv2015; and

12.    the following file on your service on July 30, 2019:

   a.    *https://www.youtube.com/watch?v=SE9xM0Vz5uU*.

**Document Requests**

1.      Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered each Account.

2.      Applications, forms, and other documents that were submitted in order to create or make changes to each Account.

3.      Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered each Account, including session date and time stamps at the time of registration.

4.      Documents sufficient to identify the IP addresses used by persons accessing each Account, including IP address logs with session date and time stamps of each access to each Account, from January 1, 2016 through the present.

5.      All communications Google sent to or received from each Account during the time period of January 1, 2016 to present.

# EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| _Defendant_ | ) |

Civil Action No. 

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Xpert Fullfillment, Inc., c/o Robert Boylan
              8160 Cadillac Highway, Benzonia, MI 49616

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Xpert Fullfillment, Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|                          _CLERK OF COURT_                          | OR | |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

## Definitions Applicable To Document Requests

The term "Account" means any Xpert Fullfillment account associated with any of the following:

1. Easybox IPTV;

2. Easybox Technologies;

3. USPS Signature Tracking # 9410 8169 0210 7055 4834 74;

4. *https://www.easybox.tv*;

5. *https://www.facebook.com/easybox.tviptv*;

6. *https://twitter.com/easyboxiptv*;

7. *https://www.instagram.com/easyboxarabiciptv/*;

8. YouTube User: arabiciptv;

9. *https://www.youtube.com/watch?v=hVv36lGqp0k*;

10. YouTube User: Easyboxtv2015;

11. *https://www.youtube.com/watch?v=SE9xM0Vz5uU*;

12. info@easybox.tv;

13. export@easybox.tv;

14. vaservices2018@gmail.com;

15. paymentspaypal2017@gmail.com;

16. angela85.ggs@gmail.com;

17. payments2929@gmail.com;

18. brucexie977@gmail.com;

19. kamcheung857@gmail.com;

20. rminnott33@gmail.com; and

21. xiaohu3777@gmail.com.

## Document Requests

1.      Documents sufficient to identify the full name and contact information (including all street addresses, web addresses, email addresses, and telephone numbers) for the person responsible for each Account.

2.      Documents sufficient to identify each product and service that you sold or provided for each Account from January 2016 to the present.

3.      Documents submitted to you to create or make changes to each Account.

4.      Invoices or statements for each Account from January 2016 to the present.

5.      Payment records for each Account from January 2016 to the present.

6.      All Communications that you sent to or received from the person responsible for each Account concerning their products and services between January 2016 and the present.

2

# EXHIBIT 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Enom, Inc., c/o Compliance Department
10400 NE 4th Street, Floor 5, Suite 121, Bellevue, WA 98004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Enom, Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



DISH NETWORK L.L.C.,       §
           §    Civil Action No.
         Plaintiff,      §
           §
    v.                §
           §
DOES 1-5, individually and together §
d/b/a Easybox IPTV,      §
           §
         Defendants.    §
           §

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means any Enom or WhoisGuard account associated with:

1.     the domain or website easybox.tv;

2.     the domain or website buyarabictv.com; and

3.     the domain or website iptv4arab.com.

### Document Requests

1.     Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered each Account.

2.     Applications, forms, and other documents that were submitted in order to create or make changes to each Account.

3.     Documents sufficient to identify each payment received by Enom related to each Account, including documents that show the date of the payment, the method and amount of payment, and the name and contact information of the person making the payment (including street address, web address, email address, and telephone number).

4. Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered each Account, including session date and time stamps at the time of registration.

5. Documents sufficient to identify the IP addresses used by persons accessing each Account, including IP address logs with session date and time stamps of each access to each Account, from January 1, 2016 through the present.

6. All communications Enom sent to or received from each Account during the time period of January 1, 2016 to present.

# EXHIBIT 7

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                       Namecheap, Inc., c/o Legal Department
              4600 East Washington Street, Suite 305, Phoenix, AZ 85034

*(Name of person to whom this subpoena is directed)*

   ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Namecheap, Inc. | Date and Time: |
|---|---|
| | |

   ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>DOES 1-5, individually and together §<br>d/b/a Easybox IPTV, §<br>§<br>Defendants. §<br>§ | Civil Action No. |

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means any Namecheap account associated with:

1.    the domain or website easybox.tv;

2.    the domain or website buyarabictv.com; and

3.    the domain or website iptv4arab.com.

### Document Requests

1.    Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered each Account.

2.    Applications, forms, and other documents that were submitted in order to create or make changes to each Account.

3.    Documents sufficient to identify each payment received by Namecheap related to each Account, including documents that show the date of the payment, the method and amount of payment, and the name and contact information of the person making the payment (including street address, web address, email address, and telephone number).

4.    Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered each Account, including session date and time stamps at the time of registration.

5.    Documents sufficient to identify the IP addresses used by persons accessing each Account, including IP address logs with session date and time stamps of each access to each Account, from January 1, 2016 through the present.

6.    All communications Namecheap sent to or received from each Account during the time period of January 1, 2016 to present.

2

# EXHIBIT 8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Facebook, Inc., c/o Corporation Service Company, Registered Agent
2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Facebook, Inc. | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                                 _____
                                                          *Printed name and title*

                                                 _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means:

1.  the Facebook page that was located at *https://www.facebook.com/easybox.tviptv*;

2.  the Instagram page located at *https://www.instagram.com/easyboxarabiciptv*;

3.  the Facebook page located at *https://www.facebook.com/Buyarabictv*; and

4.  the Facebook page located at *https://www.facebook.com/IPTV4Arab.NewYork.*

### Document Requests

1.      Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered each Account.

2.      Applications, forms, and other documents that were submitted in order to create or make changes to each Account.

3.      Documents sufficient to identify each payment received by Facebook related to each Account, including documents that show the date of the payment, the method and amount of payment, and the name and contact information of the person making the payment (including street address, web address, email address, and telephone number).

4.      Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered each Account, including session date and time stamps at the time of registration.

5.      Documents sufficient to identify the IP addresses used by persons accessing each Account, including IP address logs with session date and time stamps of each access to each Account, from January 1, 2016 through the present.

6.      All communications Facebook sent to or received from each Account during the time period of January 1, 2016 to present.

# EXHIBIT 9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Twitter, Inc., c/o CT Corporation System, Registered Agent
818 W. 7th St., Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Twitter, Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

The term "Account" means the Twitter page that was located at *https://twitter.com/easyboxiptv*.

### Document Requests

1.      Documents sufficient to identify the full name and contact information (including street addresses, web addresses, email addresses, and telephone numbers) for the person that registered the Account.

2.      Applications, forms, and other documents that were submitted in order to create or make changes to the Account.

3.      Documents sufficient to identify each payment received by Twitter related to the Account, including documents that show the date of the payment, the method and amount of payment, and the name and contact information of the person making the payment (including street address, web address, email address, and telephone number).

4.      Documents sufficient to identify the Internet Protocol ("IP") address used by the person that registered the Account, including session date and time stamps at the time of registration.

5.      Documents sufficient to identify the IP addresses used by persons accessing the Account, including IP address logs with session date and time stamps of each access to the Account, from January 1, 2016 through the present.

6.      All communications Twitter sent to or received from the Account during the time period of January 1, 2016 to present.

# EXHIBIT 10

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Finest Bargain Inc. d/b/a BuyArabicTV.com
923 Delview Dr., Folcroft, PA 19032

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Finest Bargain Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*

                                     OR

_____       _____
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C.                          , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                      *Server's signature*

                                                         _____
                                                                      *Printed name and title*

                                                         _____
                                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

"Easybox" means all persons and entities associated with any of the following:

1. Easybox IPTV;

2. *https://www.easybox.tv*;

3. *https://www.facebook.com/easybox.tviptv*;

4. *https://twitter.com/easyboxiptv*;

5. *https://www.instagram.com/easyboxarabiciptv/;*

6. YouTube User: arabiciptv;

7. *https://www.youtube.com/watch?v=hVv36lGqp0k*;

8. YouTube User: Easyboxtv2015;

9. *https://www.youtube.com/watch?v=SE9xM0Vz5uU*;

10. info@easybox.tv;

11. export@easybox.tv;

12. vaservices2018@gmail.com;

13. paymentspaypal2017@gmail.com;

14. angela85.ggs@gmail.com;

15. payments2929@gmail.com;

16. brucexie977@gmail.com;

17. kamcheung857@gmail.com;

18. rminnott33@gmail.com; and

19. xiaohu3777@gmail.com.

### Document Requests

1.      Documents sufficient to identify the full name and contact information (including all street addresses, web addresses, email addresses, and telephone numbers) for Easybox.

2.      All invoices or statements that you received from Easybox for their products and services from January 2016 to the present.

3.      Documents sufficient to identify Easybox's financial accounts including those in which you made payments for their products and services from January 2016 to the present.

4.      All communications that you sent to or received from Easybox concerning their products and services from January 2016 to the present.

# EXHIBIT 11

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Ace Discount Store d/b/a IPTV4Arab.com
786 Nostrand Ave., Brooklyn, NY 11216

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Ace Discount Store. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

"Easybox" means all persons and entities associated with any of the following:

1. Easybox IPTV;

2. *https://www.easybox.tv*;

3. *https://www.facebook.com/easybox.tviptv*;

4. *https://twitter.com/easyboxiptv*;

5. *https://www.instagram.com/easyboxarabiciptv/;*

6. YouTube User: arabiciptv;

7. *https://www.youtube.com/watch?v=hVv36lGqp0k*;

8. YouTube User: Easyboxtv2015;

9. *https://www.youtube.com/watch?v=SE9xM0Vz5uU*;

10. info@easybox.tv;

11. export@easybox.tv;

12. vaservices2018@gmail.com;

13. paymentspaypal2017@gmail.com;

14. angela85.ggs@gmail.com;

15. payments2929@gmail.com;

16. brucexie977@gmail.com;

17. kamcheung857@gmail.com;

18. rminnott33@gmail.com; and

19. xiaohu3777@gmail.com.

**<u>Document Requests</u>**

1.      Documents sufficient to identify the full name and contact information (including all street addresses, web addresses, email addresses, and telephone numbers) for Easybox.

2.      All invoices or statements that you received from Easybox for their products and services from January 2016 to the present.

3.      Documents sufficient to identify Easybox's financial accounts including those in which you made payments for their products and services from January 2016 to the present.

4.      All communications that you sent to or received from Easybox concerning their products and services from January 2016 to the present.

# EXHIBIT 12

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Texas

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| DOES 1-5 d/b/a Easybox IPTV, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Netrouting Inc.
36 NE 2nd Street, Suite 400, Miami, FL 33132

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and Netrouting Inc. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|    *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

Stephen M. Ferguson, 820 Gessner, Ste. 940, Houston, TX 77024; stephen.ferguson@hnbllc.com; 713-343-0478

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                            *Server's signature*

                                              _____
                                                            *Printed name and title*

                                              _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ATTACHMENT A**

**Definitions Applicable To Document Requests**

"Customer" means the person or entity responsible for IP 104.245.124.250 from November 13, 2017 through January 5, 2018.

**Document Requests**

1.      Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.      Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.      Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.      Documents submitted to you to create or make changes to each account associated with each Customer.

5.      Account statements for each account associated with each Customer from January 2016 to the present.

6.      Payment records for each account associated with each Customer from January 2016 to the present.

7.      Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.

# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF**
**EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**IDENTITY AND ADDRESS OF THE APPLICANT:**

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Central Authority of the Netherlands
De Officier van Justitie
Postbus 20302
2500 EH   THE HAGUE
Netherlands

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of the Netherlands to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DOES 1-5, individually and together d/b/a Easybox IPTV**<br><br>***Defendants' Legal Representatives***<br>Unknown.  Defendants have not made an appearance. |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

> Global Layer B.V.
> Postbus 190
> 2950 AD Alblasserdam
> Netherlands
> Phone Number: +31 (0) 78 20 20 228

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of the Netherlands appoint an appropriate judicial authority in the Netherlands to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case. Global Layer B.V. shall be permitted to have counsel present.

Global Layer B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Defendants Does 1-5 doing business as Easybox IPTV (collectively "Defendants") for direct copyright infringement. DISH asserts that Defendants transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels"), to consumers of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals in the United States ("Easybox Users").

Defendants distribute, sell, and promote Easybox branded set-top boxes, smart IPTV subscriptions, and subscription renewals to consumers to be used to receive Defendants' Easybox service. Easybox Users can receive unauthorized access to the Protected Channels by using Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals.

Global Layer B.V. is believed to provide internet services and lease servers that are controlled, paid for, or used to transmit the Protected Channels to Easybox Users. The identity of the persons or entities that leased the servers is relevant to liability and necessary to uncover Defendants' true identities.

3

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning Global Layer B.V. to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1.      It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request.  In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.      It is requested that the judicial authorities of the Netherlands issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.      In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from Global Layer B.V.

4.      It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of the Netherlands.

WITNESS, the undersigned District Court Judge for the United States District Court for the Southern District of Texas, this __ day of _____, 2019.

_____
District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

# EXHIBIT A



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

"Customer" means the person or entity responsible for each of the following IPs:

1.      109.202.107.174 from June 22, 2017 through August 4, 2017;

2.      109.202.108.222 from September 27, 2018 through October 31, 2018;

3.      109.232.224.13 from March 29, 2018 through April 11, 2019;

4.      109.232.227.38 from February 5, 2016 through January 5, 2018;

5.      109.232.227.50 from September 27, 2018 through June 1, 2019;

6.      134.19.180.30 from March 29, 2018 through June 1, 2019;

7.      134.19.181.172 from September 27, 2018 through May 17, 2019;

8.      134.19.187.22 from June 22, 2017 through June 1, 2019;

9.      134.19.187.198 from June 22, 2017 through January 5, 2018;

10.     134.19.187.226 from April 8, 2019 through June 1, 2019;

11.     185.23.213.74 from June 22, 2017 through June 1, 2019;

12.     213.152.160.5 from April 8, 2019 through June 1, 2019;

13.     213.152.168.6 on May 3, 2018;

14.     213.152.170.4 from March 29, 2018 through June 1, 2019;

15.     213.152.170.56 from February 5, 2016 through March 17, 2017;

16.     213.152.170.76 from February 5, 2016 through June 24, 2016;

17.     213.152.173.38 from April 8, 2019 through June 1, 2019; and

18.     213.152.173.39 from April 8, 2019 through June 1, 2019.

### Document Requests

1.      Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.      Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.      Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.      Documents submitted to you to create or make changes to each account associated with each Customer.

5.      Account statements for each account associated with each Customer from January 2016 to the present.

6.      Payment records for each account associated with each Customer from January 2016 to the present.

7.      Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.

# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF**
**EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**IDENTITY AND ADDRESS OF THE APPLICANT:**

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Central Authority of the Netherlands
De Officier van Justitie
Postbus 20302
2500 EH   THE HAGUE
Netherlands

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of the Netherlands to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DOES 1-5, individually and together d/b/a Easybox IPTV**<br><br><br>***Defendants' Legal Representatives***<br>Unknown.  Defendants have not made an appearance. |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

> WorldStream B.V.
> Industriestraat 24
> 2671 CT Naaldwijk
> Netherlands
> Phone Number: +31 (0) 174 - 712 117

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of the Netherlands appoint an appropriate judicial authority in the Netherlands to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case. WorldStream B.V. shall be permitted to have counsel present.

WorldStream B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Defendants Does 1-5 doing business as Easybox IPTV (collectively "Defendants") for direct copyright infringement. DISH asserts that Defendants transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels"), to consumers of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals in the United States ("Easybox Users").

Defendants distribute, sell, and promote Easybox branded set-top boxes, smart IPTV subscriptions, and subscription renewals to consumers to be used to receive Defendants' Easybox service. Easybox Users can receive unauthorized access to the Protected Channels by using Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals.

WorldStream B.V. is believed to provide internet services and lease servers that are controlled, paid for, or used to transmit the Protected Channels to Easybox Users. The identity of the persons or entities that leased the servers is relevant to liability and necessary to uncover Defendants' true identities.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning WorldStream B.V. to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1.      It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request.  In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.      It is requested that the judicial authorities of the Netherlands issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.      In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from WorldStream B.V.

4.      It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of the Netherlands.

WITNESS, the undersigned District Court Judge for the United States District Court for the Southern District of Texas, this __ day of _____, 2019.

_____
District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

"Customer" means the person or entity responsible for each of the following IPs on March 8, 2018 at 11:00 MDT:

1.    62.112.8.82;

2.    89.38.97.64;

3.    190.2.131.56; and

4.    217.23.13.8.

### Document Requests

1.     Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.     Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.     Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.     Documents submitted to you to create or make changes to each account associated with each Customer.

5.      Account statements for each account associated with each Customer from January 2016 to the present.

6.      Payment records for each account associated with each Customer from January 2016 to the present.

7.      Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF**
**EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**IDENTITY AND ADDRESS OF THE APPLICANT:**

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Central Authority of Québec
Direction des services professionnels
Entraide internationale
Ministère de la Justice
1200, route de 1'Église, 2e
étage
Québec (Québec) G1V 4M1
Canada

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of Canada and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of Canada to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for Canada for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DOES 1-5, individually and together d/b/a Easybox IPTV**<br><br>***Defendants' Legal Representatives***<br>Unknown.  Defendants have not made an appearance. |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

2

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

OVH Hosting, Inc.
1801 McGill College Ave., Suite 800
Montreal, Quebec H3A 2N4
Canada
Phone Number: 1-855-684-5463

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of Canada appoint an appropriate judicial authority in Canada to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case.  OVH Hosting Inc. shall be permitted to have counsel present.

OVH Hosting Inc. is a business entity, operating and doing business in Canada, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Defendants Does 1-5 doing business as Easybox IPTV (collectively "Defendants") for direct copyright infringement.  DISH asserts that Defendants transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels"), to consumers of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals in the United States ("Easybox Users").

Defendants distribute, sell, and promote Easybox branded set-top boxes, smart IPTV subscriptions, and subscription renewals to consumers to be used to receive Defendants' Easybox service.  Easybox Users can receive unauthorized access to the Protected Channels by using Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals.

OVH Hosting Inc. is believed to provide internet services and lease servers that are controlled, paid for, or used to transmit the Protected Channels to Easybox Users.  The identity of the persons or entities that leased the servers is relevant to liability and necessary to uncover Defendants' true identities.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of Canada issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of Canada, summoning OVH Hosting Inc. to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for Canada, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1. It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request. In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2. It is requested that the judicial authorities of Canada issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3. In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in Canada provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from OVH Hosting Inc.

4. It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, Canada and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of Canada.

WITNESS, the undersigned District Court Judge for the United States District Court for the Southern District of Texas, this __ day of _____, 2019.

_____
District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Easybox IPTV, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ATTACHMENT A

### Definitions Applicable To Document Requests

"Customer" means the person or entity responsible for each of the following IPs:

1.       144.217.72.45 on September 27, 2018 at 10:38 MDT; and

2.       149.56.26.88 on March 8, 2018 at 11:00 MDT.

### Document Requests

1.       Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.       Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.       Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.       Documents submitted to you to create or make changes to each account associated with each Customer.

5.       Account statements for each account associated with each Customer from January 2016 to the present.

6.     Payment records for each account associated with each Customer from January 2016 to the present.

7.     Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.