United States Courts
Southern District of Texas
FILED

DEC 23 2019

David J. Bradley, Clerk of Court

# beschikking

## RECHTBANK DEN HAAG

Centrale Autoriteit als bedoeld in artikel 2 van het Verdrag inzake de verkrijging van bewijs in het buitenland in burgerlijke en in handelszaken van 18 maart 1970 (Bewijsverdrag).

zaaknummer / rekestnummer: C/09/583681 / KG RK 19-1562

Beslissing van 10 december 2019

### 1.     Het verzoek en de beoordeling

De Centrale Autoriteit heeft kennis genomen van het verzoekschrift van United States District Court Southern District of Texas Houston Division (USA) dat aan deze beslissing is gehecht.

Het verzoek strekt tot het oproepen van een geschikte vertegenwoordiger van WorldStream BV te Naaldwijk en van Global Layer BV te Alblasserdam, voor het verstrekken van de in de bijlage A bij het verzoekschrift gevraagde documenten ten behoeve van een in de Verenigde Staten aanhangige procedure. Die procedure heeft betrekking op gestelde inbreuk op auteursrechten.

Het verzoek voldoet aan de bepalingen van voormeld Bewijsverdrag.

De twee vennootschappen zijn in verschillende rechtsgebieden gevestigd, zodat elk van de rechtbanken van deze rechtsgebieden overeenkomstig het bepaalde in artikel 5 lid 2 van de Uitvoeringswet Bewijsverdrag bevoegd is de rogatoire commissie in haar geheel uit te voeren. De Centrale Autoriteit zal bepalen dat het volledige verzoek dient te worden behandeld door de rechtbank Den Haag.

Na uitvoering van de rogatoire commissie dient het proces-verbaal daarvan overeenkomstig het bepaalde in artikel 14 van de Uitvoeringswet Bewijsverdrag te worden gezonden aan de Centrale Autoriteit, Team Handel - Algemene Zaken, postbusnummer 20302, 2500 EH Den Haag.

### 2.     De beslissing

De Centrale Autoriteit draagt bijgevoegd verzoek ter verdere uitvoering over aan de rechtbank Den Haag.

Deze beslissing is gegeven op 10 december 2019 door mr. G.P. van Ham.

voor grosse/afschrift

1 0 DEC. 2019

United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| DISH Network L.L.C., | § | Civil Action 19-2994 |
| Plaintiff, | § | |
| | § | Ingekomen bij de griffie op: |
| v. | § | |
| | § | 1 9 NOV. 2019 |
| Easybox IPTV, | § | |
| Defendant. | § | Regi... |
| | § | Term A... |

## Request for International Judicial Assistance
## on the Taking of Evidence

Identity and address of the applicant:

Judge Lynn N. Hughes
District Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

Central authority of the receiving state:

Central Authority of the Netherlands
De Officier van Justitie
Postbus 20302
2500 EH   THE HAGUE
Netherlands

Judge Lynn N. Hughes has the honor and judicial authority to submit this request on behalf of DISH Network, L.L.C., under Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention No. 20).

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance

of the Courts of the Netherlands to compel WorldStream B.V. to submit the requested evidence (see Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination.

| Plaintiff | Defendant |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **Easybox IPTV**<br><br><br>***Defendants' Legal Representatives***<br>Unknown. Defendants have not made an appearance. |

Representative designated to act on behalf of this court in relation to this request:

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

Entity from whom evidence is requested:

> WorldStream B.V.
> Industriestraat 24
> 2671 CT Naaldwijk
> Netherlands
> Phone Number: +31 (0) 174 - 712 117

Relevance-Connection to Request:

This Court respectfully requests that the Courts of the Netherlands appoint judicial authority in the Netherlands to preside over this request and compel WorldStream B.V. to provide the evidence described in Exhibit A, which is relevant to DISH's case. WorldStream B.V. shall be permitted to have counsel present.

WorldStream B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.


Subject Matter and Relativity of this Request:

DISH Network L.L.C. (DISH) has filed claims in this Court against Easybox IPTV (Easybox) for direct copyright infringement. DISH asserts that Easybox transmitted television channels that are exclusively licensed to DISH in the United States (Protected Channels) to consumers of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals in the United States (Easybox Users).

Easybox sells and promotes Easybox branded set-top boxes, smart IPTV subscriptions, and subscription renewals to consumers of Easybox service. Easybox Users can receive unauthorized access to the Protected Channels by using Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals.

DISH believes WorldStream B.V. supplies internet and leases servers that are controlled, paid for, or used to transmit the Protected Channels to Easybox Users. The identity of the persons or entities that leased the servers is relevant to liability and necessary to uncover defendants' true identities.

3

The Court, therefore, requests, in the interest of justice, that the judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning WorldStream B.V. to produce an appropriate representative to provide the requested evidence (see Exhibit A) to the authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

Specific Requests:

1.      The Court requests that should any portion of this request be denied, that such denial not affect the remainder of this request. In accordance with Article 13 of Hague Convention No. 20, the Court requests that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.      The Court requests that the judicial authorities of the Netherlands issue an order for the requested documents (see Exhibit A) to be produced as quickly as possible.

3.      In accordance with Article 9 of Hague Convention No. 20, the Court requests that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from WorldStream B.V.

4.      The Court requests that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of DISH in this matter and said costs shall be reimbursed upon request to DISH's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance to the judicial authorities of the Netherlands.



4

WITNESS, Lynn N. Hughes, United States District Judge for the Southern District of Texas,

September ___24___, 2019.

_____

Judge Lynn N. Hughes
United States District Judge
Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

TRUE COPY I CERTIFY
ATTEST: 09.25.2019
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

5

United States District Court
Southern District of Texas
Houston Division

DISH Network L.L.C.,     §
                     §
      Plaintiff,      §    Civil Action No. 19-2994
                     §
   v.                §
                     §
Easybox IPTV,        §
                     §
      Defendant.    §
                     §

## Attachment A

<u>Definitions Applicable To Document Requests</u>

"Customer" means the person or entity responsible for each of the following IPs on March 8, 2018 at 11:00 MDT:

1.    62.112.8.82;

2.    89.38.97.64;

3.    190.2.131.56; and

4.    217.23.13.8.

<u>Document Requests</u>

1.    Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.    Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.    Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.    Documents submitted to you to create or make changes to each account associated with each Customer.

5. Account statements for each account associated with each Customer from January 2016 to the present.

6. Payment records for each account associated with each Customer from January 2016 to the present.

7. Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.

Judge Lynn N. Hughes
United States District Judge
Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

TRUE COPY I CERTIFY
ATTEST: 09-25-2019
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

2

Zaak 4:19-cv-02994      Document 7      Ingediend op 24/09/19 in TXSD      Pagina 1 van 7

United States District Court (Arrondissementsrechtbank)
Zuidelijk arrondissement van Texas
Afdeling Houston

United States District Court
(Arrondissementsrechtbank)
Zuidelijk arrondissement van
Texas
INGEDIEND
25 september 2019
David J. Bradley, griffier

DISH Network L.L.C.

    Verzoeker,

v.                                                     Civiele procedure 19-2994

Easybox IPTV,

    Verweerder.

# Verzoek om internationale rechtshulp
# voor de verkrijging van bewijs

Identiteit en adres van de verzoekende autoriteit:

Rechter Lynn N. Hughes
Rechter van het arrondissement
United States District Court (Arrondissementsrechtbank), zuidelijk arrondissement van Texas
515 Rusk Ave.
Houston, TX 77002
VS

Centrale autoriteit van de aangezochte staat:
Centrale autoriteit van Nederland
De Officier van Justitie
Postbus 20302
2500 EH DEN HAAG
Nederland

      Rechter Lynn N. Hughes heeft de eer en justitiële autoriteit dit verzoek namens DISH Network L.L.C., vezoeker, in te dienen, overeenkomstig artikel 3 van de Haagse Conventie inzake de verkrijging van bewijs in het buitenland in burgerlijke en in handelszaken (Haagse Conventie nr. 20).

      De US District Court (arrondissementsrechtbank) voor het zuidelijk arrondissement van Texas biedt haar complimenten aan de rechterlijke autoriteiten van Nederland en verzoekt

internationale rechtshulp inzake de verkrijging van bewijs dat zal worden gebruikt in een burgerlijke procedure voor deze rechtbank.

Overeenkomstig artikel 9 van de Haagse Conventie nr. 20, verzoekt deze rechtbank de hulp van de Nederlandse rechtbanken om WorldStream B.V. ertoe te dwingen de gevraagde bewijsstukken (zie bijlage A) in te dienen bij een naar behoren aangewezen autoriteit voor Nederland om vervolgens de te onderzoeken stukken over te maken aan deze rechtbank.

| Verzoeker | Verweerder |
|---|---|
| DISH Network L.L.C.<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>*Wettelijke vertegenwoordigers van de verzoeker*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024 USA<br>Telefoon: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **Easybox IPTV**<br><br>**Wettelijke vertegenwoordigers van de verweerder**<br>Onbekend. Verweerders zijn niet verschenen. |

Vertegenwoordiger aangewezen om op te treden namens deze rechtbank ten opzichte van dit verzoek:

Voor eventueel contact of correspondentie met betrekking tot dit verzoek, wordt er verzocht voor deze zaak en voor dit doel de hieronder vermelde persoon te benoemen:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
VS
Telefoon: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

Rechtspersoon waarvan bewijs wordt gevraagd:

WorldStream B.V.
Industriestraat 24
2671 CT Naaldwijk
Nederland
Telefoonnummer: +31 (0) 174 - 712 117

Verband tussen de relevantie en het verzoek:

Deze rechtbank verzoekt dat de rechtbanken in Nederland een rechterlijke autoriteit in Nederland aanwijzen om zich over dit verzoek te buigen en WorldStream B.V. ertoe te dwingen de in bijlage A omschreven bewijsstukken te verstrekken, wat relevant is voor de zaak van DISH. Het is WorldStream B.V. toegestaan een raadsman aanwezig te hebben.

WorldStream B.V. is een bedrijfsentiteit die handel drijft en zaken doet in Nederland en de gevraagde bewijsstukken en informatie bezit.

Voorwerp en relativiteit van dit verzoek:

DISH Network L.L.C. (DISH) heeft bij deze rechtbank zaken aanhangig gemaakt tegen Easybox IPTV (Easybox) voor rechtstreekse inbreuk op auteursrechten. DISH stelt dat Easybox televisiekanalen die exclusief onder de DISH-licentie vallen in de Verenigde Staten (beschermde kanalen) heeft uitgezonden aan gebruikers van Easybox settopboxen, smart IPTV abonnementen en abonnementverlengingen in de Verenigde Staten (Easybox gebruikers).

Easybox verkoopt en promoot settopboxen, smart IPTV abonnementen en abonnementsvernieuwingen van het Easybox merk aan consumenten die de Easybox diensten afnemen. Easybox gebruikers kunnen ongeoorloofde toegang verkrijgen tot de beschermde kanalen via Easybox settopboxen, smart IPTV abonnementen en abonnementsvernieuwingen.

DISH is van mening dat WorldStream B.V. internet levert en servers leaset die worden aangestuurd, betaald, of gebruikt om de beschermde kanalen naar Easybox gebruikers te zenden. De identiteit van de personen of rechtspersonen die de servers geleased hebben is relevant voor de aansprakelijkheid en nodig om de ware identiteit van de verdachten te onthullen.

Derhalve vraagt de rechtbank, in het belang van de rechtsbedeling, de rechterlijke autoriteit voor Nederland een beschikking te betekenen, overeenkomstig artikels 9 en 10 van de Haagse Conventie nr. 20 en de wetten en procedures van de rechtbanken in Nederland, om WorldStream B.V. op te roepen tot het benoemen van een geschikte vertegenwoordiger voor het verstrekken van de gevraagde bewijzen (zie bijlage A) aan de autoriteit voor Nederland, om uiteindelijk de stukken over te maken aan deze rechtbank zodat ze tijdens het proces van deze zaak kunnen worden gebruikt.

Specifieke verzoeken:

1.      De rechtbank vraagt dat indien dit verzoek ten dele wordt geweigerd, een dergelijke weigering geen gevolgen mag hebben voor de rest van dit verzoek. Overeenkomstig artikel 13 van de Haagse Conventie nr. 20, vraagt de rechtbank dat de hierboven aangeduide vertegenwoordiger, en deze rechtbank, onmiddellijk worden verwittigd van een dergelijke weigering en de bijbehorende rechtsgronden.

2.      De rechtbank vraagt dat de rechtelijke autoriteiten van Nederland een beschikking betekenen zodat de gevraagde documenten (zie bijlage A) zo spoedig mogelijk kunnen worden overgemaakt.

3.      Overeenkomstig artikel 9 van de Haagse Conventie nr. 20, vraagt de rechtbank dat de bevoegde autoriteit in Nederland zo spoedig mogelijk alle informatie betreffende de beslissingen in verband met de verkrijging van bewijs van WorldStream B.V. aan deze rechtbank verstrekt.

4.      De rechtbank vraagt dat alle documenten en bewijsstukken naar behoren gelegaliseerd worden door de bevoegde autoriteit in Nederland, en overeenkomstig de Nederlandse wetgeving, en aan deze rechtbank worden overgemaakt voor onderzoek en gebruik in deze rechtszaak.

De verantwoordelijkheid voor alle kosten in verband met de verkrijging, overhandiging, legalisatie of retour van bewijsstukken berust in deze zaak bij DISH en voormelde kosten zullen, na verzoek bij de juridische vertegenwoordigers van DISH, worden vergoed.

Indien nodig zal de ondergetekende rechterlijke autoriteit wederzijdse bijstand verstrekken aan de rechterlijke autoriteiten van Nederland.

GETUIGE, Lynn N. Hughes, United States District Judge (rechter van het arrondissement) van het zuidelijke arrondissement van Texas, 24 September 2019.

*[handtekening]*
Rechter Lynn N. Hughes
United States District Judge
(Rechter Amerikaanse
arrondissementsrechtbank)
Zuidelijk arrondissement van
Texas
515 Rusk Ave.
Houston, TX 77002
VS

(ZEGEL VAN DE RECHTBANK)

United States District Court (Amerikaanse arrondissementsrechtbank)
Zuidelijk arrondissement van Texas
Afdeling Houston

DISH Network L.L.C.

     Verzoeker

     v.

Easybox IPTV,

     Verweerder.

Civiele procedure 19-2994

## Bijlage A

### Op de gevraagde documenten van toepassing zijnde definities

"Klant" verwijst naar de persoon of rechtspersoon die verantwoordelijk is voor elk van de volgende IPs op 8 maart 2018 om 11:00 uur MDT:

1.    62.112.8.82;

2.    89.38.97.64;

3.    190.2.131.56; en

4.    217.23.13.8

### Gevraagde documenten

1.    Documenten die volstaan om de volledige naam en contactgegevens (inclusief telefoonnummer, adres en e-mailadres) voor elke klant te kunnen identificeren.

2.    Documenten die volstaan om elk product of elke dienst die aan klanten werd gelicentieerd, verkocht of verstrekt vanaf januari 2016 tot heden te identificeren, met inbegrip van alle IP-adressen die aan elke klant werden toegewezen.

3.    Documenten die volstaan om het IP-adres van elke 'origin server' verbonden aan elke klant te identificeren.

4.    De aan u ingediende documenten om alle accounts verbonden aan elke klant aan te maken of te wijzigen.

5.      Rekeningafschriften voor elke account verbonden aan elke klant vanaf januari 2016 tot heden.

6.      Betalingsgeschiedenis voor elke account verbonden aan elke klant vanaf januari 2016 tot heden.

7.      Communicaties die u hebt verzonden naar of ontvangen van elke klant, zoals correspondentie betreffende account set-up en support tickets, tussen januari 2016 en heden.

*[handtekening]*

Rechter Lynn N. Hughes
United States District Judge
(Rechter van de
arrondissementsrechtbank)
Zuidelijk arrondissement van
Texas
515 Rusk Ave
Houston TX 77002
VS

# Coloquia Language Arts, LLP

*...where languages and cultures meet.*

## Certificate of Translation

### No 009252676

I, Victoria Bekeris, hereby certify that to the best of my knowledge and belief the foregoing to be a true, accurate and complete translation from English into Dutch of the document:

*"Dkt. 7 - Request for International Judicial Assistance, Netherlands-WorldStream print"*

hereto attached and to which I refer, in Houston, on the 1st day of the month of October 2019.

**MARIA ALEJANDRA FOUT**
Notary Public, State of Texas
Notary ID # 12911321-6
My Commission Expires
September 4, 2020

Victoria Bekeris

Translations Department

*************************************
Subscribed and sworn before me

This 1st day of October , 2019.

Notary Public, State of Texas

My commission expires: 09-04-2020

19-0589

United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| DISH Network L.L.C., | § | Civil Action 19-2994 |
| Plaintiff, | § | |
| | § | *Ingekomen bij de griffie op* |
| v. | § | |
| | § | 1 9 NOV. 2019 |
| Easybox IPTV, | § | |
| Defendant. | § | |

Request for International Judicial Assistance
on the Taking of Evidence

Identity and address of the applicant:

Judge Lynn N. Hughes
District Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

Central authority of the receiving state:

Central Authority of the Netherlands
De Officier van Justitie
Postbus 20302
2500 EH  THE HAGUE
Netherlands

Judge Lynn N. Hughes has the honor and judicial authority to submit this request on behalf of DISH Network, L.L.C., plaintiff, under Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention No. 20).

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance

of the Courts of the Netherlands to compel Global Layer B.V. to submit the requested evidence (see Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination.

| Plaintiff | Defendant |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **Easybox IPTV**<br><br><br>***Defendants' Legal Representatives***<br>Unknown.  Defendants have not made an appearance. |

Representative designated to act on behalf of this court in relation to this request:

It is requested that should contact or correspondence be required in relation to this request, this person is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

Entity from whom evidence is requested:

> Global Layer B.V.
> Postbus 190
> 2950 AD Alblasserdam
> Netherlands
> Telephone Number: +31 (0) 78 20 20 228

Relevance-Connection to Request:

This Court respectfully requests that the Courts of the Netherlands appoint judicial authority in the Netherlands to preside over this request and compel the Global Layer B.V. to provide the evidence described in Exhibit A, which is relevant to DISH's case.  Global Layer B.V. shall be permitted to have counsel present.

Global Layer B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

Subject Matter and Relativity of this Request:

DISH Network L.L.C. (DISH) has filed claims in this Court against Easybox IPTV (Easybox) for direct copyright infringement.  DISH asserts that Easybox transmitted television channels that are exclusively licensed to DISH in the United States (Protected Channels) to consumers of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals in the United States (Easybox Users).

Easybox sells and promotes Easybox branded set-top boxes, smart IPTV subscriptions, and subscription renewals to consumers of Easybox service.  Easybox Users can receive unauthorized access to the Protected Channels by using Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals.

DISH believes Global Layer B.V. supplies internet and leases servers that are controlled, paid for, or used to transmit the Protected Channels to Easybox Users.  The identity of the persons or entities that leased the servers is relevant to liability and necessary to uncover the defendants' true identities.

3

The Court, therefore, requests, in the interest of justice, that the judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning Global Layer B.V. to produce an appropriate representative to provide the requested evidence (see Exhibit A) to the authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

Specific Requests:

1.       The Court requests that should any portion of this request be denied, that such denial not affect the remainder of this request.  In accordance with Article 13 of Hague Convention No. 20, the Court requests that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.       The Court requests that the judicial authorities of the Netherlands issue an order for the requested documents (see Exhibit A) to be produced as quickly as possible.

3.       In accordance with Article 9 of Hague Convention No. 20, the Court requests that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from Global Layer B.V.

4.       The Court requests that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the DISH in this matter and said costs shall be reimbursed upon request to DISH's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance to the judicial authorities of the Netherlands.



WITNESS, Lynn N. Hughes, United States District Judge for the Southern District of Texas,

September _____, 2019.

Judge Lynn N. Hughes
United States District Judge
Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

TRUE COPY I CERTIFY
ATTEST: 09.25.2019
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

5



United States District Court
Southern District of Texas
Houston Division

DISH Network, L.L.C., §
§
            Plaintiff, §          Civil Action 19-2994
§
    v. §
§
Easybox IPTV, §
§
            Defendant. §
§

# Attachment A

Definitions Applicable to Document Requests

"Customer" means the person or entity responsible for each of the following IPs:

1.    109.202.107.174 from June 22, 2017 through August 4, 2017;

2.    109.202.108.222 from September 27, 2018 through October 31, 2018;

3.    109.232.224.13 from March 29, 2018 through April 11, 2019;

4.    109.232.227.38 from February 5, 2016 through January 5, 2018;

5.    109.232.227.50 from September 27, 2018 through June 1, 2019;

6.    134.19.180.30 from March 29, 2018 through June 1, 2019;

7.    134.19.181.172 from September 27, 2018 through May 17, 2019;

8.    134.19.187.22 from June 22, 2017 through June 1, 2019;

9.    134.19.187.198 from June 22, 2017 through January 5, 2018;

10.   134.19.187.226 from April 8, 2019 through June 1, 2019;

11.   185.23.213.74 from June 22, 2017 through June 1, 2019;

12.   213.152.160.5 from April 8, 2019 through June 1, 2019;

13.   213.152.168.6 on May 3, 2018;

14.   213.152.170.4 from March 29, 2018 through June 1, 2019;

15.   213.152.170.56 from February 5, 2016 through March 17, 2017;

16.     213.152.170.76 from February 5, 2016 through June 24, 2016;

17.     213.152.173.38 from April 8, 2019 through June 1, 2019; and

18.     213.152.173.39 from April 8, 2019 through June 1, 2019.

<u>Document Requests</u>

1.      Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.      Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer from January 2016 to the present, including all IP addresses assigned to each Customer.

3.      Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.      Documents submitted to you to create or make changes to each account associated with each Customer.

5.      Account statements for each account associated with each Customer from January 2016 to the present.

6.      Payment records for each account associated with each Customer from January 2016 to the present.

7.      Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets, between January 2016 and the present.

Judge Lynn N. Hughes
United States District Judge
Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

TRUE COPY I CERTIFY
ATTEST: 09-25-2019
DAVID J. BRADLEY, Clerk of Court
By
Deputy Clerk

Zaak 4:19-cv-02994 Document 8 Ingediend op 9/24/19 in TXSD Pagina 1 van 7

**United States District Court (Arrondissementsrechtbank)**
**Zuidelijk arrondissement van Texas**
**Afdeling Houston**

1 3 NOV. 2019

United States District Court
(Arrondissementsrechtbank)
Zuidelijk arrondissement van
Texas
INGEDIEND
25 september 2019
David J. Bradley, griffier

DISH Network L.L.C.

    Verzoeker,

    v.

Easybox IPTV,

    Verweerder.

Civiele procedure 19-2994

## Verzoek om internationale rechtshulp
## Voor de verkrijging van bewijs

Identiteit en adres van de verzoekende autoriteit:

Rechter Lynn N. Hughes
Rechter van het arrondissement
United States District Court (Arrondissementsrechtbank), zuidelijk arrondissement van Texas
515 Rusk Ave.
Houston, TX 77002
VS

Centrale autoriteit van de aangezochte staat:

Centrale autoriteit van Nederland
De Officier van Justitie
Postbus 20302
2500 EH Den Haag
Nederland

    Rechter Lynn N. Hughes heeft de eer en justitiële autoriteit dit verzoek namens DISH Network L.L.C., vezoeker, in te dienen, overeenkomstig artikel 3 van de Haagse Conventie inzake de verkrijging van bewijs in het buitenland in burgerlijke en in handelszaken (Haagse Conventie nr. 20).

    De US District Court (arrondissementsrechtbank) voor het zuidelijk arrondissement van Texas biedt haar complimenten aan de rechterlijke autoriteiten van Nederland en verzoekt

internationale rechtshulp inzake de verkrijging van bewijs dat zal worden gebruikt in een burgerlijke procedure voor deze rechtbank.

Overeenkomstig artikel 9 van de Haagse Conventie nr. 20, verzoekt deze rechtbank de hulp van de Nederlandse rechtbanken om Global Layer B.V. ertoe te dwingen de gevraagde bewijsstukken (zie bijlage A) in te dienen bij een naar behoren aangewezen autoriteit voor Nederland om vervolgens de te onderzoeken stukken over te maken aan deze rechtbank.

| Verzoeker | Verweerder |
|---|---|
| **DISH Network L.L.C.**<br>9601 S Meridian Boulevard<br>Englewood, Colorado 80112<br><br>*Wettelijke vertegenwoordigers van de verzoeker*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & Boyle, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>VS<br>Telefoon: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **Easybox IPTV**<br><br>**Wettelijke vertegenwoordigers van de verweerder**<br>Onbekend. Verweerders zijn niet verschenen. |

Vertegenwoordiger aangewezen om op te treden namens deze rechtbank ten opzichte van dit verzoek:

Voor eventueel contact of correspondentie met betrekking tot dit verzoek, wordt er verzocht voor deze zaak en voor dit doel de hieronder vermelde persoon te benoemen:

Stephen M. Ferguson
HAGAN NOLL & Boyle, LLC
820 Gessner, Suite 940
Houston, TX 77024
VS
Telefoon: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

2

Rechtspersoon waarvan bewijs wordt gevraagd:

> Global Layer B.V.
> Postbus 190
> 2950 AD Alblasserdam
> Nederland
> Telefoonnummer: +31 (0)78 20 20 228

Verband tussen de relevantie en het verzoek:

Deze rechtbank verzoekt dat de rechtbanken in Nederland een rechterlijke autoriteit in Nederland aanwijzen om zich over dit verzoek te buigen en Global Layer B.V. ertoe te dwingen de in bijlage A omschreven bewijsstukken te verstrekken, wat relevant is voor de zaak van DISH. Het is Global Layer B.V. toegestaan een raadsman aanwezig te hebben.

Global Layer B.V. is een bedrijfsentiteit die handel drijft en zaken doet in Nederland en de gevraagde bewijsstukken en informatie bezit.

Voorwerp en relativiteit van dit verzoek:

DISH Network L.L.C. (DISH) heeft bij deze rechtbank zaken aanhangig gemaakt tegen Easybox IPTV (Easybox) voor rechtstreekse inbreuk op auteursrechten. DISH stelt dat Easybox televisiekanalen die exclusief onder de DISH-licentie vallen in de Verenigde Staten (beschermde kanalen) heeft uitgezonden aan gebruikers van Easybox settopboxen, smart IPTV abonnementen en abonnementverlengingen in de Verenigde Staten (Easybox gebruikers).

Easybox verkoopt en promoot settopboxen, smart IPTV abonnementen en abonnementsvernieuwingen van het Easybox merk aan consumenten die de Easybox diensten afnemen. Easybox gebruikers kunnen ongeoorloofde toegang verkrijgen tot de beschermde kanalen via Easybox settopboxen, smart IPTV abonnementen en abonnementsvernieuwingen.

DISH is van mening dat Global Layer B.V. internet levert en servers leaset die worden aangestuurd, betaald, of gebruikt om de beschermde kanalen naar Easybox gebruikers te zenden. De identiteit van de personen of rechtspersonen die de servers geleased hebben is relevant voor de aansprakelijkheid en nodig om de ware identiteit van de verdachten te onthullen.

3

Derhalve vraagt de rechtbank, in het belang van de rechtsbedeling, de rechterlijke autoriteit van Nederland een beschikking te betekenen, overeenkomstig artikels 9 en 10 van de Haagse Conventie nr. 20 en de wetten en procedures van de rechtbanken in Nederland, om Global Layer B.V. op te roepen tot het benoemen van een geschikte vertegenwoordiger voor het verstrekken van de gevraagde bewijzen (zie bijlage A) aan de autoriteit van Nederland, om uiteindelijk de stukken over te maken aan deze rechtbank zodat ze tijdens het proces van deze zaak kunnen worden gebruikt.

Specifieke verzoeken:

1.    De rechtbank vraagt dat indien dit verzoek ten dele wordt geweigerd, een dergelijke weigering geen gevolgen mag hebben voor de rest van dit verzoek. Overeenkomstig artikel 13 van de Haagse Conventie nr. 20, vraagt de rechtbank dat de hierboven aangeduide vertegenwoordiger, en deze rechtbank, onmiddellijk worden verwittigd van een dergelijke weigering en de bijbehorende rechtsgronden.

2.    De rechtbank vraagt dat de rechtelijke autoriteiten van Nederland een beschikking betekenen zodat de gevraagde documenten (zie bijlage A) zo spoedig mogelijk kunnen worden overgemaakt.

3.    Overeenkomstig artikel 9 van de Haagse Conventie nr. 20, vraagt de rechtbank dat de bevoegde autoriteit in Nederland zo spoedig mogelijk alle informatie betreffende de beslissingen in verband met de verkrijging van bewijs van Global Layer B.V. aan deze rechtbank verstrekt.

4.    De rechtbank vraagt dat alle documenten en bewijsstukken naar behoren gelegaliseerd worden door de bevoegde autoriteit in Nederland, en overeenkomstig de Nederlandse wetgeving, en aan deze rechtbank worden overgemaakt voor onderzoek en gebruik in deze rechtszaak.

De verantwoordelijkheid voor alle kosten in verband met de verkrijging, overhandiging, legalisatie of retour van bewijsstukken berust in deze zaak bij DISH en voormelde kosten zullen, na verzoek bij de juridische vertegenwoordigers van DISH, worden vergoed.

Indien nodig zal de ondergetekende rechterlijke autoriteit wederzijdse bijstand verstrekken aan de rechterlijke autoriteiten van Nederland.

4                                         H

GETUIGE, Lynn N. Hughes, United States District Judge (rechter van het arrondissement) van het zuidelijke arrondissement van Texas, 24 September 2019.

*[handtekening]*
Rechter Lynn N. Hughes
United States District Judge (Rechter Amerikaanse arrondissementsrechtbank)
Zuidelijk arrondissement van Texas
515 Rusk Ave.
Houston, TX 77002
VS

(ZEGEL VAN DE RECHTBANK)

United States District Court (Arrondissementsrechtbank)
Zuidelijk arrondissement van Texas
Afdeling Houston

DISH Network L.L.C.

     Verzoeker,

v.

Easybox IPTV,

     Verweerder.

Civiele procedure 19-2994

**Bijlage A**

Op de gevraagde documenten van toepassing zijnde definities

"Klant" verwijst naar de persoon of rechtspersoon die verantwoordelijk is voor elk van de volgende IPs:

1.     109.202.107.174 van 22 juni 2017 tot en met 4 augustus 2017;

2.     109.202.108.222 van 27 september 2018 tot en met 31 oktober 2018;

3.     109.232.224.13 van 29 maart 2018 tot en met 11 april 2019;

4.     109.232.227.38 van 5 februari 2016 tot en met 5 januari 2018;

5.     109.232.227.50 van 27 september 2018 tot en met 1 juni 2019;

6.     134.19.180.30 van 29 maart 2018 tot en met 1 juni 2019;

7.     134.19.181.172 van 27 september 2018 tot en met 17 mei 2019;

8.     134.19.187.22 van 22 juni 2017 tot en met 1 juni 2019;

9.     134.19.187.198 van 22 juni 2017 tot en met 5 januari 2018;

10.     134.19.187.226 van 8 april 2019 tot en met 1 juni 2019;

11.     185.23.213.74 van 22 juni 2017 tot en met 1 juni 2019;

12.     213.152.160.5 van 8 april 2019 tot en met 1 juni 2019;

13.     213.152.168.6 op 3 mei 2018;

14.     213.152.170.4 van 29 maart 2018 tot en met 1 juni 2019;

15.     213.152.170.56 van 5 februari 2016 tot en met 17 maart 2017;

Zaak 4:19-cv-02994 Document 8 Ingediend op 9/24/19 in TXSD Pagina 7 van 7

16.   213.152.170.76 van 5 februari 2016 tot en met 24 juni 2016;

17.   213.152.173.38 van 8 april 2019 tot en met 1 juni 2019; en

18.   213.152.173.39 van 8 april 2019 tot en met 1 juni 2019.

## Gevraagde documenten

1.   Documenten die volstaan om de volledige naam en contactgegevens (inclusief telefoonnummer, adres en e-mailadres) voor elke klant te kunnen identificeren.

2.   Documenten die volstaan om elk product of elke dienst die aan klanten werd gelicentieerd, verkocht of verstrekt vanaf januari 2016 tot heden te identificeren, met inbegrip van alle IP-adressen die aan elke klant werden toegewezen.

3.   Documenten die volstaan om het IP-adres van iedere 'origin server' verbonden aan elke klant te identificeren.

4.   De aan u ingediende documenten om alle accounts verbonden aan elke klant aan te maken of te wijzigen.

5.   Rekeningafschriften voor elke account verbonden aan elke klant vanaf januari 2016 tot heden.

6.   Betalingsgeschiedenis voor elke account verbonden aan elke klant vanaf januari 2016 tot heden.

7.   Communicaties die u hebt verzonden naar of ontvangen van elke klant, zoals correspondentie betreffende account set-up en support tickets, tussen januari 2016 en heden.

*[handtekening]*

Rechter Lynn N. Hughes
United States District Judge
(Rechter van de
arrondissementsrechtbank)
Zuidelijk arrondissement van
Texas
515 Rusk Ave
Houston TX 77002
VS

2



Coloquia Language Arts, LLP

*- ...where languages and cultures meet.*

# Certificate of Translation

## No 009252677

I, Victoria Bekeris, hereby certify that to the best of my knowledge and belief the foregoing to be a true, accurate and complete translation from English into Dutch of the document:

***"Dkt.8 - Request for International Judicial Assistance, Netherlands-Global Layer print"***

hereto attached and to which I refer, in Houston, on the 1st day of the month of October 2019.

> MARIA ALEJANDRA FOUT
> Notary Public, State of Texas
> Notary ID # 12911321-6
> My Commission Expires
> September 4, 2020

**************************************

Subscribed and sworn before me

This 1st day of October , 2019.

Notary Public, State of Texas

My commission expires: 09-04-2020

Victoria Bekeris

Translations Department

19-0589

de Rechtspraak
Rechtbank Den Haag

Postbus 20302, 2500 EH Den Haag

DEN HAAG NL 2500
13 DEC 2019 00:51 PM

United States District Court,
Southern District of Texas

Judge Lynn N. Hughes
District Judge
515 Rusk Ave

Houston, TX 77002
USA



PRIORITY
PRIORITAIRE
posNL