UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § § | Civil Action No. 4:19-cv-2994 |
| Plaintiff, | § § | |
| v. | § § | |
| HUNG TRAN and THI NGA NGUYEN, d/b/a Easybox IPTV, | § § § | |
| Defendants. | § § § | |

**Plaintiff DISH Network L.L.C.'s Motion to Seal
Exhibit 2 to the Declaration of Michael Schwimmer**

Plaintiff DISH Network L.L.C. ("DISH") respectfully moves the Court to seal Exhibit 2 to the Declaration of Michael Schwimmer, which is concurrently being filed in support of DISH's Motion for Default Judgment.

Although "Courts have recognized that the public has a common law right to inspect and copy judicial records…[that] right is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The principles governing the sealing of court materials are applied differently depending on the circumstances of a particular case. Where the materials relate to a dispositive issue in the case, the interest in disclosure is highest. *Kaesemeyer v. Legend Mining USA Inc.*, No. 6:17-CV-01520, 2018 WL 4344584, at *2 (E.D. La. Sept. 11, 2018). In contrast, "[w]here the materials relate to non-dispositive issues, the interest in disclosure is less compelling." *Erfindergemeinschaft Uropep GBR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 434207, at *2 (E.D. Tex. Feb 1, 2017). In deciding whether a document should be sealed, "[t]he court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. "Federal courts routinely limit the public's access to commercially sensitive…information."

*Rodriguez v. United Rentals (N. Am.), Inc.*, No. 1:16CV391-LG-RHW, 2018 WL 4184321, at *1 (S.D. Miss. Aug. 31, 2018) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999)).

Exhibit 2 contains highly sensitive commercial information identifying the number of DISH satellite subscribers to its Arabic, Hindi, and Urdu language packages from January 1, 2016 to January 1, 2020, and is the type of commercially sensitive information routinely kept confidential by Federal courts. Further, the contents of Exhibit 2 are not relevant to any issues of liability in this case. The information is relevant to show that Defendants' Easybox service contributed to the erosion of DISH's profits and as support for the amount of statutory damages that DISH requests for Defendants' copyright infringement.

Disclosure of the contents of Exhibit 2 is not necessary to convey the essence of the information, which is described in the Memorandum of Points and Authorities in Support of DISH's Motion for Default Judgment ("Memorandum") and in the Declaration of Michael Schwimmer ("Schwimmer Declaration"). These filings describe Exhibit 2 as documenting DISH's loss of many thousands of satellite service subscribers to its Arabic, Hindi, and Urdu language packages during the four years of Defendants' infringement, and while Defendants' sales of Easybox set-top boxes, smart IPTV subscriptions, and subscription renewals were increasing. (Memorandum at 12; Schwimmer Declaration ¶ 8.) If the contents of Exhibit 2 were disclosed publicly, the data could be converted to financial information and give DISH's competitors an unfair advantage. Thus, the public's common-law right to view the redacted subscriber numbers set forth in Exhibit 2 is outweighed by the likely harm to DISH.

DISH has taken steps to mitigate any possible harm to the public's common-law right of access. A redacted version of Exhibit 2 is being filed with the Schwimmer Declaration, and will

be publicly accessible. The Memorandum and Schwimmer Declaration accurately describe the contents of Exhibit 2, but without revealing DISH's sensitive subscriber data. Accordingly, Exhibit 2 is properly sealed. *See Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp.*, No. A-08-CA-767 AWA, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010) (granting motion to seal specific dollar amounts of investment holdings while unsealing "general references" to that party's "wealth"); *Erfindergemeinschaft*, 2017 WL 434207, at *2-3 (granting motion to seal financial information and recognizing the "public's minimal interest in this particular information"); *Rodriguez*, 2018 WL 4184321, at *1-2 (granting motion to seal and acknowledging that such financial information could be used by a competitor for an "improper purpose").

For the foregoing reasons, DISH respectfully requests that the Court seal Exhibit 2 to the Declaration of Michael Schwimmer.

Dated: January 30, 2020

Respectfully submitted,

Hagan Noll & Boyle LLC

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

Counsel for Plaintiff DISH Network L.L.C.